OPINION
Defendant-appellant, Albert Lattimore, appeals his convictions in the Butler County Court of Common Pleas for possession of cocaine and possession of marijuana.[1]
Appellant pled guilty on May 5, 1999, to charges of possession of cocaine and possession of marijuana and filed a motion for treatment in lieu of conviction. The trial court granted appellant's motion and sent appellant to a drug rehabilitation facility for treatment. After receiving treatment at a drug rehabilitation facility, appellant was sent to the Ohio Department of Probation for Butler County ("probation department"). About four months later, on September 27, 2000, appellant was arrested on multiple charges, including felonious assault of a police officer. Following this arrest, the probation department petitioned the court to reconsider its order for treatment in lieu of conviction for appellant on November 3, 2000. On November 16, 2000, appellant filed a motion to dismiss the possession of cocaine and possession of marijuana charges, arguing that these charges should be dismissed because appellant had completed his rehabilitation program.
After a hearing, the trial court overruled the motion to dismiss. Moreover, the trial court judge found that appellant had violated the conditions of his period of rehabilitation previously granted pursuant to R.C. 2951.041. The trial court entered a judgment of conviction on the guilty pleas appellant had entered in May 1999 and sentenced appellant to an eleven-month prison term. Appellant appeals, raising two assignments of error which we will consider together:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS THE CHARGES AFTER DEFENDANT HAD SUCCESSFULLY COMPLETED THE BUTLER COUNTY COURT DIRECTED ADDICTION AND TREATMENT PROGRAM.
Assignment of Error No. 2:
 THE COURT ERRED IN FAILING TO REQUIRE THE STATE TO DEMONSTRATE SUBSTANTIAL PROOF THAT APPELLANT VIOLATED THE CONDITIONS OF THE PERIOD OF REHABILITATION.
 Treatment in lieu of conviction is a procedure governed by R.C. 2951.041. "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." State v. Shoaf (2000), 140 Ohio App.3d 75, 77, citing State v. Baker (1998), 131 Ohio App.3d 507, 510. R.C. 2951.041 provides that a court may stay all criminal proceedings and order an offender to a period of rehabilitation if the court has reason to believe that the offender is a drug dependent person or is in danger or becoming a drug dependent person. Shoaf at 77.
A trial court is afforded broad discretion in determining whether drug treatment in lieu of conviction is appropriate for a criminal offender. See State v. Gadd (1990), 66 Ohio App.3d 278, 284-85. In order to find an abuse of that discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
Appellant contends that the trial court erred by not adhering to the language of the treatment in lieu of conviction statute. The version of R.C. 2951.041 which was in effect at the time of appellant's arrest, guilty plea, and motion for treatment in lieu of conviction states, in relevant part, the following:
 (D) An offender found to be eligible for treatment in lieu of conviction and ordered to a period of rehabilitation shall be placed under the control and supervision of the county probation department or the adult parole authority as provided in this chapter as if the offender were on probation or as if the offender were under a community control sanction. The court shall order a period of rehabilitation to continue for any period that the judge or magistrate determines. The period of rehabilitation may be extended, but the total period shall not exceed three years. The period of rehabilitation shall be conditioned upon the offender's voluntary entrance into an appropriate drug treatment facility or program, faithful submission to prescribed treatment, and any other conditions that the court orders.
* * *
 (F) If the appropriate drug treatment facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated, the court may dismiss the charges pending against the offender. If the facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated or has obtained maximum benefits from treatment and that the offender has completed the period of rehabilitation and other conditions ordered by the court, the court shall dismiss the charges pending against the offender. If the facility or program reports to the probation officer that the offender has failed treatment, has failed to submit to or follow the prescribed treatment, or has become a discipline problem, if the offender does not satisfactorily complete the period of rehabilitation or the other conditions ordered by the court, or if the offender violates the conditions of the period of rehabilitation, the offender shall be arrested as provided in section 2951.08 of the Revised Code and removed from the facility or program, and the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court so determines, it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.
 At any time and for any appropriate reason, the offender, the offender's probation officer, the authority or department that has the duty to control and supervise the offender as provided for in section 2951.05 of the Revised Code, or the facility or program may petition the court to reconsider, suspend, or modify its order for treatment concerning that offender. (Emphasis added.)
 Appellant contends that the trial court erred by failing to promptly dismiss the charges against appellant upon his completion of the rehabilitation program. Appellant further argues that there was not substantial proof demonstrating that he had violated the conditions of his probation. The state of Ohio argues that by failing to pay his court costs and by failing to complete all of the community service ordered by the trial court, appellant failed to complete all of "the other conditions ordered by the court," as required by R.C. 2951.041. Appellant insists that he completed the community service ordered by the trial court and that he was going to file an affidavit of indigency so as to avoid payment of the court costs.
The record before us does not demonstrate that appellant completed his drug treatment program and other conditions ordered by the trial court, as it does not show that appellant fulfilled his community service requirement or fully paid his court costs. The record indicates that appellant had entered phase IV, the last phase of the drug treatment program. However, the last notation, which is dated June 21, 2000, reads, "Reg. Review Finished when pay fees." There is no indication that appellant's arrears, which were in the amount of $395, were ever paid by appellant. There is also no record of appellant's completion of the one hundred hours of community service that was ordered by the trial court. Moreover, even if a review of the record revealed that appellant had completed the drug treatment, fulfilled his community service, and paid his court costs, we would still find that the trial court's actions were appropriate.
The judgment entry for treatment in lieu of conviction was signed by appellant on May 5, 1999. The judgment entry states:
 If this Court is not required by law to impose a prison sanction, it may impose community control sanctions of or non-prison sanctions on me. I understand that if I violate the terms or conditions of a community control sanction, the Court may extend the restrictive sanction, or imprison me for up to the maximum stated term allowed for the offense(s) of which I am found guilty.
 The judgment entry further states, "The Court hereby stays all further proceedings and orders the defendant to a period of rehabilitation in the Court Directed Addiction Treatment Program pursuant to O.R.C. Section 2951.041. The defendant shall be placed under the control and supervision of the Butler County Probation Department." (Emphasis added.)
Appellant signed a form titled "Conditions of Supervision," containing the conditions of probation, on May 19, 1999. The first condition of supervision states, "I will obey federal, state and local laws and ordinances, including all orders, rules and regulations of Butler County Common Pleas Court or the Department of Rehabilitation and Correction. I agree to conduct myself as a responsible law abiding citizen." The seventh condition, in applicable part, states, "I will not possess, use, purchase, or have under my control any narcotic drug or other controlled substance or illegal drugs[.]"
On November 3, 2000, the probation department reported to the trial court that appellant had violated the conditions of the period of rehabilitation. Such a report is provided for by R.C. 2951.041(F). The probation department indicated that appellant had been arrested and charged with the following: felonious assault of a police officer, possession of cocaine, preparation of drugs for sale, and driving under suspension. An attached Middletown police officer's report stated that appellant, while in his vehicle, had drug a police officer about twenty feet. According to the police report, appellant fled the crime scene, but his vehicle was subsequently found parked and unoccupied. In this vehicle, a baggie of crack cocaine was discovered lying adjacent to the driver's seat.
At the hearing before the trial court, appellant's counsel argued that appellant had already completed his rehabilitation and other conditions imposed by the trial court, and that, therefore, appellant's original cocaine and marijuana charges should be dismissed. The prosecutor stated that appellant was under indictment for felonious assault of a Middletown police officer and that the police officer had suffered serious physical harm. The prosecutor further explained that when apprehended appellant had $6,000 in cash on his person as well as a substantial amount of cocaine. In regard to appellant's "ability to comply with the laws of the United States and of the State of Ohio," the trial court noted that allegedly an officer had pulled appellant over and appellant had fled while the officer's arm or body was still in the car, that the officer was dragged for a number of feet and that officer or some other officers were "almost run down by a second suspect in a different car." Appellant admitted that he was under indictment at the time and did not contest the content of the police report.
As provided by R.C. 2915.041(F), the probation department petitioned the trial court to reconsider its order for treatment concerning appellant. We find that the trial court did not abuse its discretion in finding that appellant had violated the terms of his rehabilitation, which included that he comply with the conditions of probation, where appellant had been arrested after using his vehicle to drag a police officer several feet, causing serious physical harm, and where appellant possessed cocaine and $6,000 in cash at the time of his arrest. Appellant violated the probation department's conditions of probation by failing to obey several laws and by possessing illegal drugs. The trial court's decision to sentence appellant on his original charges for possession of cocaine and possession of marijuana was justified under R.C. 2951.041. The first and second assignments of error are overruled.
YOUNG, P.J., and POWELL, J., concur.
[1] Pursuant to Loc.R. 6(A), this court sua sponte removes this case from the accelerated calendar.