Matthias, J.
 

 The single question presented is whether the relator’s proposal was accompanied by a bond in compliance with the law. If it was, concededly the commission was required to consider the proposal. If not, the commission was right in refusing to consider it, and of course action in mandamus would not lie. The action and attitude of the commission in the premises is based upon the provisions of Section 2319, General Code, the pertinent portions of which are as follows: ‘ ‘ On the day and at the place named in the notice, such owner shall open the proposals, and shall publicly, with the assistance of the architect, or engineer, immediately proceed to tabulate the bids upon triplicate sheets, one of which shall be filed with the auditor of state. A proposal shall be invalid and not considered unless a bond, in the form approved by the state building commission, with sufficient sureties, in a sum equal to the total sum of the proposal, is filed with such
 
 *73
 
 proposal, nor unless such proposal and bond are filed in one sealed envelope. After investigation which shall be completed within thirty days, the contract shall be awarded by such owner to the lowest bidder, or bidders.”
 

 The contention of the relator with reference to this statutory provision is twofold: First, that it is no longer in effect, it having been repealed by implication; and, second, if it has not been repealed and still is in effect, the commission was authorized to, and in the exercise of its discretion should, waive the provision of said section that the bond accompanying the proposal be “in a sum equal to the total sum of the proposal.”
 

 The creation of the state office building commission was provided for and its powers and duties prescribed by an act passed March 14, 1929 (113 Ohio Laws, 57). This act amended “An act providing for the creation of a state building commission,” passed April 17, 1925 (111 Ohio Laws, 475), but in no wise altered, amended, or repealed Section 7 of that act, which, among other things, provided that “The construction of such building shall be governed by the provisions of Sections 2314 to 2332 of the General Code, relative to the erection of state buildings,” etc. Sections 2314 to 2332, General Code, relate to the procedure for the construction or alteration or improvement of a state building, the aggregate cost of which exceeds $3,000.
 

 The relator contends that Sections 2314 to 2330, General Code, were repealed by implication by the enactment of Sections 2365-1 and 2365-2, General Code. Sections 2314 to 2320, General Code, were a part of an act passed March 20, 1917, “relating to
 
 *74
 
 the construction, alteration and improvement of state buildings and public works, and the installation of equipment therefor.” 107 Ohio Laws, 453. Sections 2365-1 and 2365-2, General Code, were enacted on the very next day, March 21, 1917. They were Sections 1 and 2 of “An act to protect persons performing labor and furnishing materials for the construction and repair of public works. ’ ’ 107 Ohio Laws, 642.
 

 It is to be observed that the provisions of Sections 2314 to 2330, General Code, are special and limited in character; whereas, Sections 2365-1 and 2365-2, General Code, have general application to public buildings, regardless of the amount involved, and relate not only to state, but also to county, city, village, township, and school buildings. The purpose of the enactment of the latter sections is clearly indicated in the title of the act. The rule is familiar and elementary that repeals by implication are not favored, and the presumption obtains that the Legislature in passing a statute did not intend to interfere with or abrogate any former law relating to the same matter unless the repugnancy between the two is irreconcilable. “The presumption is stronger against implied repeals where provisions supposed to conflict are in the same act or were passed at nearly the same time.” 1 Lewis’ Sutherland Statutory Construction (2d Ed.), Section 268.
 

 We cannot support the further contention of counsel for the relator that the statutes in question were repealed by implication by virtue of the enactment of the Administrative Code in 1921 (109 Ohio Laws, 105), for the effect thereof was not to change the method of procedure in relation to the matters
 
 *75
 
 involved, but only to transfer the rights, powers, and duties to another department therein designated, and the provisions of Sections 2314 to 2330, G-eneral Code, continued in force and were controlling in the particular matters and proceedings to which they specifically related. The legislative intent with reference to a continuation of said statutes in force is manifested by reference thereto in subsequent legislation. The appropriation act passed subsequent to, but during the same session as, the passage of the Administrative Code, above referred to, makes specific reference to said sections as being in force, and similar reference is made in acts passed by the Legislature in the two subsequent sessions thereof, which appear in 110 Ohio Laws, 150, and 111 Ohio Laws, 477. The sections in question not being incompatible or irreconcilable, it cannot be held that the former had been impliedly repealed by the enactment of the latter.
 

 The relator further urges that if Section 2319 has not been repealed, and is in full force, the commission was authorized to and should have waived the provision in question, and having refused should be compelled to do so by mandamus. If it be assumed that a discretion was lodged in the commission, it is elementary that the court will not attempt to control that discretion by mandamus. However, it cannot be concluded that the provision in question is directory. The language employed is clearly mandatory. The provision reads: “A proposal shall be invalid and not considered unless a bond, in the form approved by the state building commission, with sufficient sureties, in a sum equal to the total sum of the proposal, is filed with such proposal, nor
 
 *76
 
 unless such proposal and bond are filed in one sealed envelope.”
 

 No language could be more mandatory in character. Upon the facts set forth in the petition, the commission was precluded by the clear and positive terms of the statute from considering the proposal of the relator. The demurrer to the answer searches the record, and as the petition does not state a cause of action it is dismissed and a writ denied.
 

 Writ denied.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.