## UNITED STATES FIDELITY AND GUARANTY CO v STATE ex OAK HILL FIRE BRICK AND COAL CO

Ohio Appeals, 2nd Dist, Madison Co

No 107. Decided Nov 21, 1933

Frank J. Murray, for plaintiff in error.
Frank DeLay, Jackson, and Crabbe & Tootle, London, for defendant in error.

## OPINION

By KUNKLE, J.

A determination of this question depends upon whether the bond sued upon is controlled by the provisions of §§2314, 2315, and 2316 GC, or whether the same is controlled by the provisions of §§2365-1-2-3, etc. GC. Counsel for plaintiff concede that if the case is controlled by the provisions of §§2365-1-2-3, etc, GC, then certain jurisdictional facts required by such sections are not stated in the petition and the demurrer should have been sustained. Counsel for defendant surety company upon the other hand, with equal frankness, admit that if

the case is controlled by the provisions of §§2314, 2315 and 2316 GC, then the petition does state a cause of action and the demurrer was properly overruled.

Secs 2314, 2315, 2316, etc., GC are the result of an amendment passed by the Legislature, March 20, 1917. §§2365-1-2-3, etc., GC, were enacted by the Legislature the following day, viz: March 21, 1917.

The question as to whether §§2314, 2315 and 2316 GC were impliedly repealed by the enactment of §§2365-1-2-3, etc., GC, has been determined by our Supreme Court in the case of State ex Fleisher Engineering and Construction Company v State Office Building Commission and others, reported in 123 Oh St, p. 70. The second paragraph of the syllabus of this case is as follows:

"(2) Sec 2319, GC, regulating the filing of proposals and the award of a contract for the erection of a building for the use of the State, has not been repealed by implication and is in full force and effect."

This decision disposes of the suggestion that §§2314, 2315 and 2316 GC were impliedly repealed by the enactment of §§2365-1-2-3, etc., GC.

Secs 2314 to 2330 GC are limited in their character to buildings or structures for the use of the State of Ohio or any institution supported in whole or in part by the State where the aggregate cost exceeds $3,000.

The petition shows that this was a contract entered into by the State, through its Department of Public Welfare, and that the same exceeded $3,000 in cost.

We shall not undertake to quote these respective sections of the Code in detail. This will be unnecessary as counsel are thoroughly familiar with the same and they have been discussed in the briefs of counsel.

Sec 2314 GC in brief, however, provides: "Whenever any building or structure for the use of the State or any institution supported in whole or in part by the State or in or upon the public works of the State that are administered by the Superintendent of Public Works, is to be erected or constructed or whenever additions or alterations, structural or other improvements are to be made * * * the cost of which exceeds $3,000 * * * plans and specifications, etc. * * * shall be prepared."

This section specifically relates to improvements made by the State.

Sec 2365-1 GC in brief provides that when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the instance of the State, or any County, City, Village, Township or School District thereof, it shall be the duty of the Board, Officer or Agent, contracting on behalf of the State, County, City, Village, Township or School District, to require the usual bond as provided for in the statutes with good and sufficient sureties, etc.

From a consideration of the sections of the Code involved we cannot escape the conclusion that the bond in question is controlled by the provisions of §§2314, 2315, 2316, etc., GC. These sections relate to the procedure where the contract is upon the part of the State.

Secs 2365-1-2-3, etc., GC, relate to contracts not only upon the part of the State, but also to contracts entered into by a County, City, Village, Township or School District.

Counsel for plaintiff below, in their brief, by means of parallel columns, has set forth in detail various other differences between the provisions of §§2314, 2315, 2316, etc., GC, upon the one hand and the provisions of §§2365-1-2-3, etc., GC upon the other hand. It will be unnecessary to restate such additional differences in this opinion, as counsel are familiar with the same.

From a consideration of the various sections of the Code referred to and of the authorities cited, we are of opinion that this proceeding is controlled by the provisions of §§2314, 2315 and 2316 GC, and that the lower court properly overruled the demurrer to the petition.

Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.