THE STATE, EX REL. HANSEN, APPELLANT, v. REED, JUDGE, APPELLEE.

[Cite as State, ex rel. Hansen, v. Reed (1992), 63 Ohio St.3d 597.]

(No. 91-662—Submitted January 14, 1992—Decided May 6, 1992.)

Bruce H. Wilson, for appellant.

Melling, Junkin & Bell, Brian J. Melling and Clarence B. Rader III, for appellee.

---

Per Curiam. We affirm. At the conclusion of the proceedings on May 9, 1989, the Bedford Municipal Court stated:

"Speeding, allegedly 67 in a 55 and a plea of no contest, find him guilty, a fine of $25 and Court costs. Enter the no contest plea to the counterfeit identification, there's a finding of guilty, the fine's a hundred dollars and the costs. The fictitious IDs are ordered confiscated * * *."

The following then occurred:

"Mr. Wilson: Your honor, would you consider suspending execution on the sentence just pending our consideration of filing of a notice of appeal?

"Judge Reed: Sure, whatever you want.

"Mr. Wilson: All right. You have, I'm certain, a more than adequate bond to cover both fines and costs * * *.

"Judge Reed: Let me see if I can get something straight, Mr. Wilson. You cut a deal with the Prosecution for the entrance of a change of plea and now you're contemplating filing an appeal, and yet you cut a deal with the Prosecutor; is that right?

"Mr. Schmitz [prosecutor]: That's exactly right, Your Honor.

"Judge Reed: Is that what you want to do?

"Mr. Wilson: I would consider it, yes, Judge. I think that's my obligation to my client.

"Judge Reed: Well, I think that's a pretty piece of shabby work, Mr. Wilson * * *. I don't think I have ever heard of that being done before. Stay execution ten days pending your appeal, sir."

The trial judge noted appellant's plea and the court's finding and sentence on the case envelope, but no journal entry of the conviction, sentence or stay was prepared or journalized. On May 15, 1989, appellant filed a notice of appeal to the court of appeals. By journal entry of May 16, 1989, *sua sponte*, the court vacated the "Court indications of May 9, 1989" and set the matter for trial. On May 18, 1989, another notice of appeal to the court of appeals was filed. On December 13, 1990, the court of appeals dismissed the appeals in case Nos. 57851 and 57852 because neither was taken from a final appealable order. The subsequent appeal to this court was dismissed May 22, 1991. *Oakwood v. Hansen* (1991), 60 Ohio St.3d 707, 573 N.E.2d 666.

On December 12, 1990, appellant filed the instant action. The court of appeals' decision of February 4, 1991, sustained respondent's motion to dismiss for failure to state a claim for relief upon finding that "[w]rits of mandamus and procedendo may be issued to compel actions by inferior tribunals only. * * * Thus, this court is without jurisdiction to compel its members to perform any actions, including accepting a nonjournalized order as a final appealable order or reinstating cases on appeal." (Citations omitted.) The court then observed that it did have jurisdiction to compel action by the lower tribunal for the issuance of writs of mandamus or procedendo, provided prerequisites for the issuance of such writs were met. The court noted that relator was requesting an order requiring the trial court to enter a particular judgment, *i.e.*, a judgment consistent with an oral announcement. However, the court refused to do so, because the trial court's oral announcement had been vacated by written journal entry. The court of appeals noted: "Neither mandamus nor procedendo can be used to control judicial discretion.

\* \* \* Moreover, we have no reason to believe that respondent is not now proceeding to final judgment in relator's case, *albeit* in a different fashion." (Citations omitted; emphasis *sic.*)

Appellant concedes that "it is axiomatic \* \* \* that a court only speaks through its journal. \* \* \* Further, until an entry is journalized, the court retains the right and discretion to review and reverse its previous findings. \* \* \* "

However, as appellant also pointed out, a court has no authority to reconsider its own valid final judgments in criminal cases. *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 30 OBR 218, 506 N.E.2d 936. The flaw in appellant's reasoning is his assumption that, in the instant case, the trial court dealt with a *final* judgment. In the first paragraph of the syllabus of *State v. Tripodo* (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719, we stated: "An announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court. (App.R. 4[B].)"

We stated further:

"Appellant argues that the ruling itself constitutes the final judgment from which an appeal can be taken under R.C. 2505.02 and that a judgment entry is not required. That contention is not well taken. It is obvious in the instant case that the 'ruling of the court' was not intended to be the judgment, but that judgment was to be entered thereafter. A document not labeled a judgment nor unequivocally intended to be a judgment does not constitute a judgment triggering the time within which to file a notice of appeal. Otherwise, had appellant waited more than 30 days after the announcement of the court's ruling, appeal time would have lapsed even though a judgment thereon had never been entered or was entered 30 days after announcement of the decision.

"The important consideration is that the parties, particularly the defendant in a criminal case, be fully aware of the time from which appeal time commences running.

" \* \* \* Crim.R. 32(B) now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk. An appeal prior to that time is now premature as is the notice of appeal therefrom. \* \* \* " *Id.* at 126–127, 4 O.O.3d at 282, 363 N.E.2d at 721.

The conclusion reached in *Tripodo, supra,* is not new. Paragraph two of the syllabus in *State, ex rel. McCamey, v. Court of Common Pleas of Cuyahoga Cty.* (1943), 141 Ohio St. 610, 26 O.O. 176, 49 N.E.2d 761, states:

"Where an action is pending and undetermined in a court of competent jurisdiction and such court is proceeding to discharge its functions, no other

court has authority, by writ of mandamus, to control the orders or judgment of the court wherein the cause is pending. Any party aggrieved by the judgment has a full and complete remedy at law."

In *State, ex rel. Davey, v. Owen* (1937), 133 Ohio St. 96, at 106, 10 O.O. 102, at 106, 12 N.E.2d 144, at 149, we stated:

"The writ of *procedendo* is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be. * * *"

The decision of the court of appeals was correct and is hereby sustained. The judgment of the municipal court did not become final. Proper procedure, for the protection of all parties, requires that a conclusion or statement of judgment must first be journalized formally. The record reflects that there may have been confusion, but there is no dispute that no journal entry was ever filed. The court's oral pronouncement of its finding and its sentence was inchoate; maturity and finality depend upon journalizing the entry. That was not done. The decision of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.