The STATE of Ohio, Appellant,

v.

SHOAF, Appellee.

[Cite as *State v. Shoaf* (2000), 140 Ohio App.3d 75.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–162.

Decided Sept. 28, 2000.

*Ron O'Brien*, Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellant.

*Decker, Vonau, Sybert, Lackey & Viets, James D. Viets* and *Benjamin Scherner*, for appellee.

BROWN, Judge.

The state of Ohio, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas, Criminal Division, pursuant to R.C. 2953.08(B)(2) and 2945.67(A). The court imposed a five-year period of community control on James S. Shoaf, defendant-appellee, after he violated the conditions of treatment in lieu of conviction pursuant to R.C. 2951.041. We reverse and remand.

On April 30, 1998, appellee was indicted by a grand jury for five counts of deception to obtain dangerous drugs, a violation of R.C. 2925.22; one count of illegal processing of drug documents, a violation of R.C. 2925.23; and one count of escape, a violation of R.C. 2921.34. Appellee filed a motion for an order granting him treatment in lieu of conviction, pursuant to R.C. 2951.041, in exchange for his pleading guilty to all counts charged against him in the indictment. Appellee argued that his "drug dependence led to the criminal activity with which he is charged, and [that] rehabilitation will reduce his likelihood of additional criminal activity." The court sustained appellee's motion and ordered him to a period of rehabilitation not to exceed three years. The court also held that appellee's rehabilitation was to be supervised by the Franklin County Common Pleas Court Probation Department ("probation department") "as if he were on probation." Appellee also pled guilty to the charges listed in his indictment.

On November 2, 1999, the probation department filed an amended report on the conduct of appellee. The report stated that appellee had (1) tested positive

for opiates on April 19, 1999, and May 3, 1999, (2) tested positive for Propoxyphen on April 19, April 26, August 30 and September 20, 1999, (3) tested positive for barbiturates on September 8, 1998, (4) failed to comply with a long-term residential chemical dependency referral, (5) failed to notify his physician of his addiction to prescription medication, and (6) been indicted for one count of burglary and two counts of theft. On December 20, 1999, the trial court held that appellee's treatment in lieu of conviction should be revoked and that he should be placed in community control. The court journalized its decision by an entry filed on January 14, 2000. Appellant appeals this decision and presents the following assignment of error:

"The Common Pleas Court erred in failing to impose a term of imprisonment pursuant to R.C. 2951.041(F)."

Appellant argues that a defendant who fails his treatment in lieu of a conviction program must be sentenced to imprisonment pursuant to R.C. 2951.041(F). Appellant also argues that based upon appellee's violation of his program, the trial court was required to impose a term of imprisonment.

In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime. *State v. Baker* (1998), 131 Ohio App.3d 507, 510, 722 N.E.2d 1080, 1082–1083. R.C. 2951.041 allows a court to stay all criminal proceedings and order an offender to a period of rehabilitation if the court has reason to believe that the offender is a drug dependent person or is in danger of becoming a drug dependent person. The court must also find that each of the factors in R.C. 2951.041(B)(1) through (5) apply to the offender. An offender found to be eligible for treatment in lieu of conviction and ordered to have a period of rehabilitation shall be placed under the control and supervision of the county probation department or the Adult Parole Authority. R.C. 2951.041(D). However, R.C. 2951.041(F) states in part:

"If the [appropriate drug treatment] facility or program reports to the probation officer that the offender has failed treatment, has failed to submit to or follow the prescribed treatment, or has become a discipline problem, if the offender does not satisfactorily complete the period of rehabilitation or the other conditions ordered by the court, or if the offender violates the conditions of the period of rehabilitation, the offender shall be arrested as provided in section 2951.08 of the Revised Code and removed from the facility or program, and the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court

so determines, *it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.*" (Emphasis added.)

R.C. 2951.041(F) "clearly and unambiguously conveys the legislative intent that the trial court must sentence a defendant who is found to have failed his or her program of treatment in lieu of conviction to a term of imprisonment." *State v. Cumston* (June 27, 2000), Marion App. No. 9–99–83, unreported, 2000 WL 924825. We have similarly held that the requirement that the trial court "impose upon the offender a term of imprisonment" is "clear, unambiguous, and not susceptible to the interpretation" that allows the court to impose a community control sanction. *State v. Taylor* (Mar. 14, 2000), Franklin App. No. 99AP–533, unreported, 2000 WL 271752.

In the present case, the probation department presented numerous instances of how appellee had failed his treatment program. Appellee stipulated to the violations of his treatment program before the court. Therefore, the trial court was required to impose a term of imprisonment upon appellee pursuant to R.C. 2951.041(F). Concerning the trial court's role in regard to following the legislative purpose of R.C. 2951.041, "[t]he court may not avoid that purpose by reason of its own views to the contrary, thus imposing a judicial veto of a proper legislative enactment." *State v. Gadd* (1990), 66 Ohio App.3d 278, 285, 584 N.E.2d 1, 5.

█ Appellee argues that despite the language of R.C. 2951.041(F), he cannot be given a term of imprisonment because when he pled guilty after the court sustained his motion for treatment in lieu of conviction, the court stated:

"[I]f you're not successful at [treatment] you would be back in front of me at some point in time and I would be forced to sentence you.

"If that happens, I will have two options. One, I could send you to prison. The other option would be to do away with the treatment in lieu of conviction but put you on community control, probation."

Appellee claims that with this erroneous information provided by the trial court, his "guilty plea could not have been made knowingly, intelligently and voluntarily." Whether appellee's guilty plea was affected by the court's failure to inform him that if he failed his treatment program a term of imprisonment would be imposed is not the issue before us at this time. The issue presented by appellant is simply whether the trial court was required to impose a term of imprisonment in the present case pursuant to R.C. 2951.041(F). It would be speculative for us to conclude that appellee would not have pled guilty to the charges if the trial court had informed him of the mandatory consequences of failing his treatment, when appellee himself has not stated this.

■ Appellee also claims that appellant cannot claim as error the trial court's failure to impose a term of imprisonment because the prosecution did not object when the trial court made its erroneous statement concerning what would occur if he failed his treatment. However, if we were to affirm the court's decision that appellee be put on community control, we would in effect be saying that the trial court has greater discretion than the legislature allowed in R.C. 2951.041(F) simply because of a misinterpretation of the statute. "[T]he trial court may not act outside the scope of its legislative charge." *Gadd*, at 285, 584 N.E.2d at 5.

Accordingly, we find that the court abused its discretion when it did not impose a term of imprisonment on appellee after it found that he had failed his treatment program. Appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded to that court.

*Judgment reversed*
*and cause remanded.*

DESHLER, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

"Treatment in lieu of conviction" was made a part of a revision of the Ohio Revised Code that was enacted effective July 1, 1976. The statute that was enacted related to treatment in lieu of conviction was R.C. 2951.041. The statute read and still reads in R.C. 2951.041(F):

"If the appropriate drug treatment facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated, the court may dismiss the charges pending against the offender. If the facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated or has obtained maximum benefits from treatment and that the offender has completed the period of rehabilitation and other conditions ordered by the court, the court shall dismiss the charges pending against the offender. If the facility or program reports to the probation officer that the offender has failed treatment, has failed to submit to or follow the prescribed treatment, or has become a discipline problem, if the offender does not satisfactorily complete the period of rehabilitation or the other conditions ordered by the court, or if the offender violates the conditions of the period of rehabilitation, the offender shall be arrested as provided in section 2951.08 of the Revised Code and removed from the facility or program, and the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not

satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court so determines, it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.

"At any time and for any appropriate reason, the offender, the offender's probation officer, the authority or department that has the duty to control and supervise the offender as provided for in section 2951.05 of the Revised Code, or the facility or program may petition the court to reconsider, suspend, or modify its order for treatment concerning that offender." R.C. 2951.041(F).

At the time R.C. 2951.041 was enacted, the procedure for granting probation was to impose a term of imprisonment and then suspend execution of the term of imprisonment while placing such conditions upon the offender as the trial judge deemed appropriate. To "impose a term of imprisonment" did not mean that a person automatically went to prison. Judges could and routinely did suspend the sentence imposed. In fact, R.C. 2951.041 was enacted as a part of R.C. Chapter 2951, "Probation."

At the time that R.C. 2951.041 was originally enacted, the legislature also created the concept of "actual incarceration," especially for drug-related felonies. The legislature clearly knew how to specify that a term of incarceration was mandatory, but chose not to make sentences for persons who failed in their program for treatment in lieu of conviction to be forced to serve terms of "actual incarceration."

Now, almost twenty-five years after the creation of treatment in lieu of conviction, attempts are being made to re-interpret the statute so that the clause "the court shall impose upon the offender a term of imprisonment" means "the court shall impose upon the offender a term of actual incarceration."

This new interpretation is both bad law and bad public policy. The new interpretation is bad law because it violates the mandate of R.C. 2901.04(A), rules of construction. R.C. 2901.04(A) reads:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

Although a previous panel of this court found R.C. 2951.041 to be unambiguous in *State v. Taylor* (Mar. 14, 2000), Franklin App. No. 99AP–533, unreported, 2000 WL 271752 the distinction between actual incarceration and term of imprisonment was not clearly discussed. Further, the *Taylor* case was decided without benefit of a brief being filed on behalf of appellee Taylor, so a full discussion of the pertinent law was not presented to the appellate panel by the parties.

The new interpretation is bad public policy because it requires incarceration for persons who could profitably be treated outside a prison setting. Ohio's prisons

are already horribly overcrowded. Incarcerating persons for alcoholism and/or drug addiction only compounds the problem of prison overcrowding while reducing the prospects of recovery for the alcoholic and/or drug addict. To state the obvious, intensive counseling and inpatient treatment are far less expensive for the state of Ohio then incarceration in a state prison.

I believe that the wording of R.C. 2951.041 was not completely understood by the panel in *Taylor* and the mistake made by that panel should not be repeated by this panel. I, therefore, respectfully dissent.