The STATE of Ohio, Appellee,

v.

McLAUGHLIN, Appellant.

[Cite as State v. McLaughlin, 157 Ohio App.3d 1, 2004-Ohio-1780.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–393.

Decided April 8, 2004.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Assistant Prosecuting Attorney, for appellee.

Dennis C. Belli, for appellant.

KLATT, Judge.

{¶ 1} Defendant-appellant, Annette Y. McLaughlin, appeals from a judgment of the Franklin County Court of Common Pleas sentencing her to a six-month prison term after she failed to complete the terms of her treatment in lieu of conviction program. Because the trial court applied the wrong version of R.C. 2951.041 in this matter, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

{¶ 2} In 1998, appellant worked as a licensed nurse at the Ohio State University Hospital. During the course of her employment, appellant stole Percocet tablets by filling out drug forms falsely indicating that the tablets were for her patients. On February 22, 2000, appellant was charged with six counts of theft in violation of R.C. 2913.02 and six counts of illegal processing of drug documents in violation of R.C. 2925.23. Appellant entered not guilty pleas to all of the charges. On July 7, 2000, the trial court ordered an evaluation of appellant to determine whether she was eligible for treatment in lieu of conviction pursuant to R.C. 2951.041.

{¶ 3} On April 11, 2001, after appellant entered guilty pleas to all of the charges against her, the trial court determined that appellant's drug dependence was a factor leading to her criminal offenses and that treatment would reduce the likelihood of future criminal activity. The trial court also determined that appellant was accepted into an outpatient drug treatment program at the Morrow County Council on Alcohol and Drugs ("MCCAD") and that appellant met the other eligibility requirements in R.C. 2951.041(B). Accordingly, the trial court found appellant eligible for treatment in lieu of conviction, accepted appellant's guilty pleas, and placed her in the MCCAD program. Appellant was placed under the control of the Franklin County Court of Common Pleas Probation Department for an indefinite period of time not to exceed three years. Her treatment in lieu of conviction was conditioned upon appellant's (1) completing the drug program at MCCAD; (2) obtaining gainful employment or going to school; and (3) avoiding contact with known drug users.

{¶ 4} On October 1, 2002, appellant's probation officer filed a statement indicating that appellant had violated the terms of her treatment in lieu of conviction. The statement of violations reflected that appellant twice tested positive for cocaine, was unsuccessfully terminated three times from the treatment program at MCCAD, and failed to make payments for court costs. After a hearing on January 9, 2003, the trial court orally continued appellant's treatment in lieu of conviction but with additional conditions. On January 10, 2003, the trial court filed a criminal case processing sheet indicating its oral pronouncement of the day before. No judgment entry was filed.

{¶ 5} On January 15, 2003, the state filed a motion for reconsideration of the trial court's decision to allow appellant to remain in treatment in lieu of conviction. The state contended that once appellant failed to complete her treatment program, the trial court was obligated to impose a term of incarceration pursuant to R.C. 2951.041(F). The trial court agreed and revoked appellant's treatment in lieu of conviction due to her failure to complete the treatment program at MCCAD. The trial court then imposed concurrent six-month prison terms for each of appellant's convictions.

{¶ 6} Appellant appeals, assigning the following errors:

"1. The court of common pleas erred and deprived defendant-appellant of her rights under the rules of criminal procedure as well as her constitutional right to due process and equal protection under U.S. Const. amend. XIV when it agreed to hear the state's motion for reconsideration of the court's January 9, 2003 ruling to maintain her under the supervision of the county probation department pursuant to R.C. 2951.041.

"2. The court of common pleas abused its discretion when it granted the state's motion for reconsideration based upon its mistaken belief that a prior version of R.C. 2951.041(F), which was repealed by 1999 Am. Sub. S.B. No. 107 effective March 23, 2000, applied to defendant-appellant's case; and required it to terminate her supervision by the county probation department and to enter an adjudication of guilt due to her failure to complete a drug treatment program.

"3. The court of common pleas abused its discretion and/or acted in a manner contrary to law when it sentenced defendant-appellant to a term of imprisonment based on its mistaken belief that a prior version of R.C. 2951.041(F), which was repealed by 1999 Am. Sub. S.B. No. 107 effective March 23, 2000, applied to her case, precluded the consideration of a community control sanction, and required the imposition of actual incarceration due to her failure to complete a drug treatment program.

"4. Defendant-appellant was denied her right to the effective assistance of counsel under U.S. Const. amend. VI and XIV due to trial counsel's failure to

argue for the application of the new intervention in lieu of conviction statute to his client's case."

{¶ 7} Appellant contends in her first assignment of error that the trial court improperly reconsidered its January 9, 2003 decision to continue appellant's treatment in lieu of conviction. We disagree. Although a court does not have authority to reconsider its own valid final judgment in a criminal case, *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 599, 589 N.E.2d 1324, the trial court's January 9, 2003 oral pronouncement of sentence was not a final judgment. It is axiomatic that a court speaks only through its journal. *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. Therefore, a pronouncement of sentence does not become the official action of the court unless and until it is entered upon the court's journal. Id.; *State v. Coyle* (Oct. 13, 1997), Clermont App. No. CA97-02-014, 1997 WL 632836. Here, the trial court orally announced its decision at the January 9, 2003 hearing and filed a criminal case processing sheet the next day reflecting that oral ruling. However, the trial court did not file a judgment entry reflecting the trial court's decision. Because there was no judgment entry, the trial court's decision was not final. *Hansen,* supra. Because the trial court's pronouncement of sentence was not final, the trial court could properly reconsider its judgment. Therefore, appellant's first assignment of error is overruled.

{¶ 8} We will address appellant's second and third assignments of error together. Appellant argues in both of these assignments of error that the trial court applied the wrong version of R.C. 2951.041 when it sentenced appellant to prison after she failed to successfully complete her drug treatment program.

{¶ 9} Prior to March 23, 2000, R.C. 2951.041 was titled Treatment in Lieu of Conviction ("Treatment") and provided an alternative to prison for offenders the trial court felt were drug dependent or in danger of becoming drug dependent. To be eligible for Treatment, an offender had to meet five criteria. R.C. 2951.041(B). First, an offender's drug dependence must have been a factor leading up to the charges the offender faced and rehabilitation through treatment would substantially reduce the likelihood of future criminal activity. Id. at (B)(1). Second, the offender must have been accepted into a qualified drug treatment program. Id. at (B)(2). Third, the offender must have been eligible for probation or community control sanctions. Id. at (B)(3). Finally, the offender could not be a repeat or dangerous offender and could not be charged with certain offenses found in R.C. Chapter 2925. Id. at (B)(4) and (5).

{¶ 10} If eligible and accepted into Treatment, the offender was placed under the control of the probation department for a period of rehabilitation not to exceed three years. The period of rehabilitation was conditioned upon, among other things, the offender's voluntary entrance into a drug treatment program.

R.C. 2951.041(D). If the trial court later found that the offender failed Treatment in some manner, the trial court entered a finding of guilt and was obligated to impose a term of imprisonment. Id. at (F). See *State v. Shoaf* (2000), 140 Ohio App.3d 75, 78, 746 N.E.2d 674 (the clear and unambiguous language of R.C. 2951.041[F] requires the trial court to send the offender to prison if the offender does not satisfy the treatment program).

{¶ 11} However, on December 22, 1999, the Governor of Ohio signed Am.Sub. S.B. No. 107 ("Bill No. 107"). In that bill, the General Assembly repealed the existing version of R.C. 2951.041 and enacted an entirely new version of the statute, titled Intervention in lieu of Conviction ("Intervention"). This new version of the statute took effect March 23, 2000. The new statute imposed new criteria for an offender to qualify for Intervention. Id. at (B)(1) through (8). The offender's participation in Intervention was no longer conditioned upon the voluntary entrance into a drug treatment program. Rather, after the offender is assessed by an appropriately licensed facility or professional, the trial court was required to establish an intervention plan for the offender. Id. at (D). That plan must require the offender, for at least one year, to abstain from the illegal use of alcohol and drugs and to submit to regular random drug testing, although the trial court may impose additional terms and conditions. If the trial court finds that an offender failed to comply with any of the terms and conditions of the Intervention plan, the trial court shall find the offender guilty and impose an appropriate sanction under R.C. Chapter 2929. Id. at (F). Unlike the previous version of R.C. 2951.041, failure to comply with the Intervention plan does not require the trial court to send the offender to prison.

{¶ 12} In the case at bar, the trial court sentenced appellant to prison when she failed to complete her drug treatment program at MCCAD. The state asserted that the trial court was obligated under R.C. 2951.041 to impose a prison sentence. Apparently, the trial court agreed. At the sentencing hearing, the trial court stated that "it has no alternative other than to impose a sentence * * * of six months, because of the failure to successfully complete the program as indicated." Given the trial court's comments, it is clear that the trial court sentenced appellant to a term of imprisonment believing that the Treatment version of R.C. 2951.041 applied and that it had no discretion. Appellant contends that the trial court erred when it sentenced appellant to prison pursuant to the Treatment version of R.C. 2951.041. We agree.

{¶ 13} The version of R.C. 2951.041 in effect at the time appellant requested Intervention in lieu of conviction applies to that request. *State v. Geiger* (July 30, 2001), Warren App. No. CA2000-11-100, 2001 WL 848246. The record indicates that appellant requested Intervention in lieu of conviction, as early as May 30, 2000, when the trial court granted a continuance so that appellant could be

evaluated. Therefore, appellant's request for Intervention in lieu of conviction was made after March 23, 2000, the effective date of the Intervention version of the statute.

{¶ 14} However, the state argues that the Intervention version of the statute never went into effect. The state points out that after Bill No. 107 was passed, but before it became effective, the legislature passed Sub.H.B. No. 202 ("Bill No. 202"), which amended the then-existing Treatment version of R.C. 2951.041. The amendment prohibited certain offenders who violated the bill's newly created offense of tampering with drugs from being eligible for the Treatment option. Although Bill No. 202 was passed after Bill No. 107, it went into effect before Bill No. 107 because it contained an emergency clause. Therefore, it went into effect as soon as it was signed by the Governor on February 9, 2000. Relying upon R.C. 1.52(B), the state argues that because Bill No. 202 was signed after Bill No. 107, and because its amendment to R.C. 2951.041 cannot be reconciled with the changes made in Bill No. 107, Bill No. 202 controlled and prevented the Bill No. 107 Intervention version of R.C. 2951.041 from going into effect. We find this argument unpersuasive.

{¶ 15} The state correctly notes that when two amendments to the same statute are enacted at the same or different sessions of the legislature, one without reference to the other, the later enacted amendment controls if it is irreconcilable with the earlier amendment. R.C. 1.52(B). However, the state's reliance on this rule in this case is misplaced. Although Bill No. 202 amended the Treatment version of R.C. 2951.041, Bill No. 107 repealed that statute in its entirety and enacted the new Intervention statute. Therefore, an analysis pursuant to R.C. 1.52(B) is inapplicable.

{¶ 16} Instead, we look to the primary goal of statutory construction, which is to give effect to the intent of the legislature. *Carter v. Youngstown* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus. "The intent may be inferred from the particular wording the General Assembly has chosen to set forth the substantive terms of a statute. * * * Intent may also be revealed in the procedural passage of the legislative act under consideration, when that body passes legislation that enacts, amends, or repeals a statute." (Citations omitted.) *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 193, 743 N.E.2d 901. The General Assembly is not presumed to do a vain or useless thing. *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 159 N.E.2d 756.

{¶ 17} Despite the passage of Bill No. 202, it is apparent that the legislature intended to repeal the Treatment in lieu of conviction statute and to replace it with a different statutory scheme. Although this conclusion means that the amendments to the Treatment version of R.C. 2951.041 found in Bill No. 202 were in effect for only a short time, we will not presume that the General Assembly

completely rewrote R.C. 2951.041 only to nullify or implicitly repeal that major change when it passed Bill No. 202 a month and one-half later. Cf. *Cincinnati v. Thomas Soft Ice Cream, Inc.* (1977), 52 Ohio St.2d 76, 78–79, 6 O.O.3d 277, 369 N.E.2d 778 (repeals by implication disfavored). The General Assembly passed Bill No. 107 on October 20, 1999, and passed Bill No. 202 on December 8, 1999. "[I]t may properly be assumed that the General Assembly had knowledge of the prior legislation when the subsequent legislation was enacted, and had the General Assembly intended to nullify such prior legislation it would have done so, by means of an express repeal thereof." Id. at 79, 6 O.O.3d 277, 369 N.E.2d 778. This presumption is even stronger where provisions supposedly in conflict are passed at nearly the same time. See *State ex. rel. Fleisher Engineering & Constr. Co. v. State Office Bldg. Comm.* (1930), 123 Ohio St. 70, 74, 174 N.E. 8.

{¶ 18} Our determination of the legislative intent is further supported by the General Assembly's subsequent amendment of R.C. 2951.041. Am.Sub.H.B. No. 327, effective July 8, 2002, purports to amend the Intervention version of the statute, thereby demonstrating that the General Assembly believed that the Intervention version of the statute was in effect at that time. Moreover, this amendment added language to prohibit certain offenders from being eligible for Intervention much like Bill No. 202 had previously amended the Treatment version of the statute.

{¶ 19} For these reasons, we find that the General Assembly's intent was to replace the Treatment version of R.C. 2951.041 with the Intervention version of that statute as of March 23, 2000. Because appellant requested Intervention in lieu of conviction after March 23, 2000, the Intervention version of the statute applied to appellant's request. *Geiger*, supra. Therefore, the trial court erred when it did not apply the Intervention version of R.C. 2951.041 in this matter. Appellant's second and third assignments of error are sustained.

{¶ 20} Because appellant should not have been sentenced under the Treatment version of R.C. 2951.041, on remand, the trial court must determine whether appellant qualifies for Intervention and, if so, what terms and conditions should apply.

{¶ 21} In conclusion, appellant's first assignment of error is overruled, and her second and third assignments of error are sustained. Our disposition of appellant's second and third assignments of error render her fourth assignment of error moot. App.R. 12. The judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PEGGY BRYANT and BROWN, JJ., concur.