OPINION
{¶ 1} Defendant-appellant, Ramon Bell ("appellant"), appeals the December 5, 2003 Supplemental Entry of the Franklin County Court of Common Pleas ordering him to pay restitution. The facts pertinent to this appeal are as follows.
 {¶ 2} On September 25, 2003, appellant was indicted by the Franklin County Grand Jury for one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree. The charge arose from the theft and resulting damage of an automobile belonging to Edie Gray ("Gray"). On November 25, 2003, following plea negotiations, appellant withdrew his previously entered not guilty plea and pled guilty to the stipulated lesser included offense of attempted unauthorized use of a motor vehicle, in violation of R.C. 2923.02, as it relates to R.C. 2913.03, a second degree misdemeanor. Appellant had been in jail in lieu of bond up to the time of sentencing.
 {¶ 3} During his sentencing hearing, trial counsel for appellant offered mitigation that his client was not responsible for the damage to Gray's vehicle. Counsel asserted that appellant did not steal Gray's vehicle or move it from the location in which it was found. Further, counsel stated that appellant was homeless, and he used Gray's vehicle as a place to sleep that evening. Thereafter, the court imposed a sentence of 90 days in the county jail forthwith, with credit for 69 days of jail time credit, and set the matter for a restitution hearing on December 4, 2003. Trial counsel further inquired of the court:
MR. GREER: Is the court open to the possibility that no restitution would be appropriate in this case?
THE COURT: Yes. Absolutely. I don't know at this point in time. But I want to make sure the victim has an opportunity to show that restitution is to be paid and who should pay it. I don't want to foreclose that.
(Tr. at 9-10.)
 {¶ 4} On November 26, 2003, the trial court issued its judgment entry, which confirmed the jail sentence and ordered appellant to pay costs of prosecution. The judgment entry did not allude to the possibility of restitution or mention that a restitution hearing was pending.
 {¶ 5} At the restitution hearing, Gray offered the following testimony. On September 16, 2003, she was residing at the Knight's Inn Motel at 3131 Broadway Avenue in Grove City, Ohio. The next morning, she discovered that her car was not in the parking lot where she had left it the night before. Subsequently, Gray called the police. As the police arrived, Gray's son found the vehicle in a wooded area next to the motel parking lot, while walking Gray's dog. Upon further investigation, the police found appellant sleeping in the front seat of the car. Gray testified that there was considerable damage done to her vehicle. (Tr. at 11-16.)
 {¶ 6} Appellant testified on his own behalf. He averred that on the date of the incident, he discovered Gray's car in the wooded area where the car was found. He was cold and tired, so appellant entered the vehicle through the unlocked door and used the front seat of Gray's car as a place to sleep. Appellant denied causing any of the damage to Gray's car. (Tr. at 21-23.)
 {¶ 7} At the conclusion of the testimony, the court found appellant caused the damage to Gray's vehicle and ordered restitution:
The Court is going to find by way of circumstantial evidence that the defendant was, in fact, the person who caused the damage to that vehicle and I will order restitution in the amount of $1,337.47. I will put for purposes of the record that when the plea was entered, and the plea was to [sic] unauthorized [sic] as of a motor vehicle, that was done on November 25th. On that day, I did state for purposes of the record that I would withhold the decision with respect to restitution until we have had an opportunity for a hearing. The hearing was set to today on that issue. A judgment entry was signed between that date and today and that judgment entry dealt with all issues other than restitution. So even though the judgment entry has been signed, I believe it is very clear and unambiguous the intent was we have a hearing subsequent to the sentencing. And I believe a restitution order at this point in time is appropriate. So I will file a supplemental entry dealing with the restitution figure.
(Tr. at 25-26.) Appellant's trial counsel objected to the restitution order, asserting "the sentencing entry has already finalized this case so far as we are concerned back on November 26th." (Tr. at 25.)
 {¶ 8} The trial court journalized its restitution order on December 5, 2003.
 {¶ 9} Appellant has timely appealed the trial court's December 5, 2003 restitution order, assigning two errors for our consideration:
Assignment of Error Number One
The trial court violated appellant's rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 10 of the Ohio Constitution, when it filed a "Supplemental Entry" additionally ordering appellant to pay $1,337.44 in restitution, after appellant's lawfully-imposed original sentence had already been journalized and execution on the sentence had commenced.
Assignment of Error Number Two
The trial court erred in ordering appellant to pay restitution to the victim when it could not be established that appellant damaged the victim's vehicle, nor was he convicted of an offense that related to damaging the victim's vehicle.
 {¶ 10} In his first assignment of error, appellant contends that the trial court violated appellant's rights under the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I, Ohio Constitution. Specifically, appellant asserts that jeopardy attached upon the filing of the November 26, 2003 judgment entry. Appellant argues that the trial court's subsequent, supplemental entry ordering appellant to pay restitution was improper, as appellant's lawfully imposed original sentence had already been journalized and execution of the sentence had commenced.
 {¶ 11} Appellee asserts that the December 4, 2003 supplemental entry was essentially a nunc pro tunc entry, permissible through Crim.R. 36. Appellee argues that the trial court properly corrected the omission in the original judgment entry regarding restitution by filing the supplemental judgment entry. Further appellee contends that appellant was put on notice during his sentencing hearing that the court intended to hold a restitution hearing one week later. Finally, appellee argues that appellant has suffered no prejudice as a result of the clerical error of filing the original judgment entry prior to the restitution hearing and without the court making a notation of the hearing in that entry.
 {¶ 12} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the United States Constitution, protects individuals against multiple punishments for the same offense. North Carolina v. Pearce (1969),395 U.S. 711, 717-718, 89 S.Ct. 2072, 23 L.Ed.2d 656. Its primary purpose is to preserve the finality or integrity of judgments. UnitedStates v. DiFrancesco (1980), 449 U.S. 117, 128, 101 S.Ct. 426,66 L.Ed.2d 328. An individual's legitimate expectation of finality in his or her sentence is a key factor in determining whether or not double jeopardy protections are implicated. Thus, application of double jeopardy protections to a change in a sentence is dependent upon the extent and legitimacy of a defendant's expectation of finality. See DiFrancesco, supra, at 139; State v. McColloch (1991), 78 Ohio App.3d 42,603 N.E.2d 1106.
 {¶ 13} The sentence in a criminal case constitutes the judgment. City of Columbus v. McCafferty (May 15, 1979), Franklin App. No. 79AP-85, citing State v. Curtis (1965),2 Ohio App.2d 31, 35, 31 O.O.2d 72, 206 N.E.2d 217. The Supreme Court of Ohio has held that a court does not have authority to reconsider its own valid final judgment in a criminal case.State ex rel. Hansen v. Reed, 63 Ohio St.3d 597, 599,589 N.E.2d 1324 citing Brook Park v. Necak (1986),30 Ohio App.3d 118, 120, 30 OBR 218, 506 N.E.2d 936.
 {¶ 14} Moreover, it is axiomatic that in Ohio, a court speaks through its journal. State v. McLaughlin, 157 Ohio App.3d 1,2004-Ohio-1780, 808 N.E.2d 893, at ¶ 7, citing State ex rel.Worchester v. Donnellon (1990), 49 Ohio St.3d 117, 118,551 N.E.2d 183, rehearing denied, 50 Ohio St. 3d 709, 553 N.E.2d 691. Therefore, "no action of the court can be regarded as a decision or judgment until it is reduced to writing and filed with the clerk for journalization." State v. Jones (Mar. 18, 1999), Franklin App. No. 98AP-639, 1999 Ohio App. LEXIS 1248, at *5, citing State v. Law (Dec. 20, 1994), Franklin App. No. 94APA06-832; State ex rel. Indus. Comm. v. Day (1940),136 Ohio St. 477, 17 O.O. 86, 26 N.E.2d 1014; Krasny v. Metropolitan LifeIns. Co. (1944), 143 Ohio St. 284, 28 O.O. 199, 54 N.E.2d 952. The Supreme Court of Ohio further opined in Reed, supra, "[p]roper procedure, for the protection of all parties, requires that a conclusion or statement of judgment must first be journalized formally. * * * The court's oral pronouncement of its finding and its sentence [is] inchoate; maturity and finality depend upon journalizing the entry." Id. at 600.
 {¶ 15} In this case, the sentence journalized in the November 26, 2003 judgment entry was within the proper minimum and maximum confines of the law. Therefore, we find that once the November 26, 2003 judgment entry imposing sentence was journalized, it became a valid final judgment. Thereafter, jeopardy had attached, and appellant had a legitimate expectation of finality in his sentence as stated in the November 26, 2003 entry. Regardless of the intention of the trial court to later hold an evidentiary hearing to determine restitution, neither the possibility of restitution or the pending hearing were journalized in the original judgment entry. McLaughlin, supra; Worchester,
supra.
 {¶ 16} Assuming, arguendo, that appellant was effectively put on notice of the restitution hearing, jeopardy still attached upon the filing of the original judgment entry. In State v.Shenefield (1997), 122 Ohio App.3d 475, 702 N.E.2d 134, the defendant was originally ordered to pay restitution to the victim in a sum to be determined by the probation department. Subsequently, the defendant filed a motion to terminate restitution. The trial court issued a second judgment entry clarifying the terms of probation, and stating that the court would hold an evidentiary hearing to determine restitution. The defendant argued that the trial court's supplemental judgment entry setting forth a specific amount of restitution violated his right against multiple punishments for the same offense. We disagreed, finding that no double jeopardy violation occurred. In affirming the trial court's order, we noted that the trial court's original sentencing entry did not set forth a definite amount of restitution and stated that the sum would be determined by the probation department. Consequently, we found that the defendant did not have an expectation of finality from the original sentencing entry. Id. at 481-482.
 {¶ 17} Unlike Shenefield, the original judgment entry in this case did not mention any issue of restitution, or the pending restitution hearing. Based on our finding that the original judgment entry was a valid final judgment, and that jeopardy had attached upon its journalization, the December 4, 2003 supplemental judgment entry ordering restitution must be vacated.
 {¶ 18} Appellant's first assignment of error is sustained. Our disposition of appellant's first assignment of error renders moot his second assignment of error.
 {¶ 19} Accordingly, appellant's first assignment of error is sustained, and the second assignment of error is overruled as moot. This cause is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded with instructions.
Lazarus, P.J. and Petree, J., concur.