JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Michael Straughn, pleaded guilty to one count of robbery pursuant to R.C. 2911.02 and one count of kidnapping pursuant to R.C. 2905.01. Both offenses were second-degree felonies. At the sentencing hearing, the trial court initially stated that it would impose the minimum sentence of two years for each offense, to be served concurrently.
The prosecutor asked the court to reconsider because Straughn's co-defendant had received an agreed sentence of five years. The court then stated, "That would be a bit of a problem. I'll set aside what I just said, and I'm going to think about this for another week and give you another answer * * *." Subsequently, the court imposed a sentence of four years for each offense, to be served concurrently. The court properly journalized an entry imposing those sentences, and this appeal followed.
In his sole assignment of error, Straughn contends that the trial court erred in imposing a sentence based on considerations not contemplated by law. First, he argues that the court should not have considered an agreed sentence entered into by another defendant. We find no merit in this argument.
Even though the court originally stated that it would impose concurrent two-year sentences for the two offenses, it never journalized an entry pronouncing those sentences. Consequently, they were not final and the court could properly reconsider them. State ex rel. Hansen v. Reed
(1992), 63 Ohio St.3d 597, 589 N.E.2d 1324; State v. McLaughlin,157 Ohio App.3d 1, 2004-Ohio-1780, 808 N.E.2d 893.
Further, the four-year sentences imposed were within the statutory range for a second-degree felony. R.C. 2929.14(A)(2). The court made the appropriate findings at the sentencing hearing to justify the sentences, including imposition of more than the minimum sentences. See State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473; State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
Straughn contends that the trial court erroneously considered the fact that he had used a gun in the commission of the offenses. Though Straughn denied using a gun, the record shows that he and his girlfriend held up a woman at gunpoint, forced her to withdraw money from an ATM machine, and repeatedly threatened to shoot her if she did not cooperate. The trial court was free to disbelieve Straughn's denial and could have appropriately considered the circumstances involved in the commission of the offenses in imposing sentence.
Despite our rejection of the arguments Straughn has raised, we must modify the sentences imposed in this case. This court recently decidedState v. Montgomery, 1st Dist. No. C-040190, 2005-Ohio-1018, in which we applied the United States Supreme Court's decisions in Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, and United States v.Booker (2005), ___ U.S. ___, 125 S.Ct. 738, to Ohio's sentencing statutes. We noted that before a court may impose a term greater than the minimum on an offender who has not previously served a prison term, it must rely on facts not found by a jury or admitted by the defendant, which is unconstitutional under Blakely and Booker. The minimum prison term for an offender who has not previously served a prison term is ordinarily the only sentence that is supported by the jury's verdict and the defendant's admissions. Therefore, we held that the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.
The minimum term allowed by law for a second-degree felony is two years. R.C. 2929.14(A)(2). Therefore, we modify Straughn's sentence to two two-year terms of imprisonment, to be served concurrently. We affirm that trial court's judgment in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.