DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas, which revoked appellant's prior sentence of community control and imposed a term of incarceration. Because we conclude that the trial court did not err in its application of the statutory law and imposition of sentence, we affirm.
 {¶ 2} In April 1999, appellant, Kenneth McCarty, was indicted for possession of cocaine, a violation of R.C 2625.11, and for illegal use of food stamps, a violation of R.C. 2913.46 (Case No. 99-CR-185). In December 1999, appellant moved for Treatment in Lieu of Conviction ("TLC") under R.C. 2951.041, which the trial court denied on March 14, 2000. Pursuant to an agreement with the state, appellant renewed his motion for TLC in June 2000, which was then granted by the court in July 2000. The court deferred the conviction, pending appellant's participation in rehabilitation, and placed appellant under the supervision of the Erie County Probation Department for two years.
 {¶ 3} In October 2000, appellant was again indicted on one count of trafficking in cocaine (Case No. 2000-CR-575). In May 2001, he pled guilty and was sentenced to five years of community control, with notice that 18 months incarceration could be imposed should he violate the community control conditions.
 {¶ 4} As a result of this second conviction, appellant admitted and the trial court found that he had violated the conditions of his TLC in Case No. 99-CR-185. The trial court revoked the TLC, entered a guilty plea, and sentenced appellant to five years of community control, to run concurrently with the sentence imposed in Case. No. 200-CR-575. The court further informed appellant that upon the violation of the community control conditions in Case. No. 99-CR-185, it could impose a sentence of up to 12 months imprisonment, along with harsher sanctions.
 {¶ 5} In May 2002, appellant again admitted to violating the terms of community control, but the court found that the violations did not require the revocation of community control in either case. After admonishing appellant about the consequences of further violations, the court continued appellant's community control.
 {¶ 6} In April 2005, the court found that appellant had again violated the conditions of community control. The court terminated appellant's community control and imposed a 12 month sentence in Case No. 99-CR-185 and an 18 month sentence in Case No. 200-CR-575, with the sentences to run concurrently.
 {¶ 7} Appellant appeals from this judgment, arguing the following sole assignment of error:
 {¶ 8} "The trial court erred by continuing appellant's treatment in lieu of conviction beyond the court's imposed time of two years and beyond the statutory maximum of three years."
 {¶ 9} Appellant argues that the trial court erred in sentencing him to five years community control in Case. No. 99-CR-185, because R.C. 2951.041, at the time of appellant's crime, required the court to sentence appellant to prison. Appellant essentially claims that had he been sentenced to prison as allegedly required, the maximum sentence was three years and the time had run when the court sentenced him to 12 months incarceration. This argument is unpersuasive.
 {¶ 10} R.C. 2951.041 provides for "treatment in lieu of conviction" for a period of rehabilitation not to exceed three years. As appellant correctly points out, at the time of appellant's offense and his initial motion for TLC, R.C. 2951.041
also stated that upon a finding that a defendant had violated the terms of the TLC, a trial court "shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment." For sentences issued prior to March 23, 2000, this imposition of imprisonment was considered mandatory. See State v. Shoaf
(2000), 140 Ohio App.3d 75, 78.
 {¶ 11} R.C. 2951.041 was amended, effective March 23, 2000, however, to provide greater discretion to the trial court in accepting defendants for TLC and upon the revocation of TLC, to "impose an appropriate sanction under Chapter 2929 of the Revised Code." We agree with more recent appellate cases, issued afterShoaf, that the amended version of R.C. 2951.041 is applicable to defendants who move for TLC after the effective date of amendment. See State v. McLaughlin, 157 Ohio App.3d 1,2004-Ohio-1780; State v. Geiger (July 30, 2001) 12th Dist. No. CA2000-11-100. The application of R.C. 2951.041 in such cases is prospective, rather than retroactive. See Geiger, supra; Statev. Davenport (1996), 116 Ohio App.3d 6, 14.
 {¶ 12} Moreover, the application of the amended version of R.C. 1951.041 is appropriate since it permits greater discretion and does not violate ex post facto laws under Section 10, ArticleI of the United States Constitution. Geiger, supra, (amended R.C. 2951.041 does not make previously innocent act criminal, does not deprive an accused of a defense available at the time the crime was committed, and does not increase the punishment for a crime after its commission), citing to State v. Rush (1998),83 Ohio St.3d 53, 59 and Collins v. Youngblood (1990),497 U.S. 37, 42. Since the legislative intent of the amendment was to repeal the original version of R.C. 2951.041 and replace it with the newer version, we conclude that any requests for TLC filed after the amendment should be considered under the amended version. See McLaughlin, supra, at ¶ 17-20.
 {¶ 13} In this case, appellant was initially sentenced to two years of TLC under R.C. 2951.041, well-under the maximum three-year supervision period allowed by the statute. We find nothing in R.C. 2951.041 that limits the length of sentence imposed after TLC has been violated and revoked. The trial court's imposition of sentence is limited only by the statutory penalties permitted for the initial crime committed. Thus, contrary to appellant's suggestion, the trial court did not exceed any statutory sentencing or supervision time limits regarding the initial TLC rehabilitation period.
 {¶ 14} In addition, appellant's second motion for TLC was requested and granted after the effective date of the amendment of R.C. 2951.041. When the TLC was revoked, the trial court then imposed community control, a lesser sanction than imprisonment (as required under the original version of R.C. 2951.041), providing appellant the opportunity to diminish his punishment and to actually reap the benefits of freedom of movement within the community. Despite the court's efforts, however, appellant failed to take advantage of this opportunity, committed more crimes, and was then sentenced accordingly. At the time community control was imposed, appellant failed to appeal or otherwise object to this sentence. Therefore, we conclude that the trial court correctly applied R.C. 2951.041, as amended March 23, 2000, and did not err in the imposition of sentence upon appellant's violation of community control conditions. Appellant's sole assignment of error is found not well-taken.
 {¶ 15} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.