OPINION
{¶ 1} This is a consolidated appeal from the judgments of the Criminal Division of the Logan County Court of Common Pleas sentencing defendant-appellant, Sean Wise ("Wise"), to ten months in prison.
 {¶ 2} On April 28, 2003, Wise plead guilty to four counts of breaking and entering pursuant to R.C. 2911.13(A), felonies of the fifth degree, and one count of vandalism pursuant to R.C.2909.05(B), a felony of the fifth degree. On June 2, 2003, a sentencing hearing was held. At that time, Wise was serving a six month sentence in the Auglaize County Jail to be followed with a term at the W.O.R.T.H. Center for related breaking and entering charges. At the sentencing hearing on the current breaking and entering and vandalism charges, the State recommended that Wise be placed in an inpatient treatment program at the W.O.R.T.H. Center or the V.A. Hospital to treat drug and mental health issues. The trial court orally sentenced Wise to five years of community control, including treatment at the W.O.R.T.H. Center. This sentence was never journalized. After learning that the W.O.R.T.H. Center would not accept Wise because of his mental health issues, the trial court held another hearing wherein the State recommended that Wise be placed in the V.A. Hospital for treatment. Rather than take the State's recommendation, the trial court orally and through a written judgment entry, sentenced Wise to ten months in prison on each count to be served consecutively. Wise now appeals asserting two assignments of error:
The trial court erred in imposing a prison term upon thedefendant-appellant for convictions of felonies of the fifthdegree without making any findings that would defeat thepresumption of community control.
The trial court erred in imposing a prison sentence greaterthan the minimum term, when the defendant has not previouslyserved a prison term.
 {¶ 3} R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence:
(a) That the record does not support the sentencing court'sfindings under division (B) or (D) of section 2929.13; division(E)(4) of section 2929.14, or division (H) of section 2929.20 ofthe Revised Code, whichever, if any, is relevant;
 (b) That the sentence is otherwise contrary to law.
 {¶ 4} The general purpose of sentencing is to punish the offender and to protect the public from future offenses. R.C.2929.11. "To achieve these purposes, a court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."State v. Comer, 99 Ohio St.3d 463, 466. Furthermore, the sentence should not be demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with that given to similar crimes committed by similar offenders. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct" and the factors set forth in2929.12(D) and (E) relating to the "likelihood of the offender's recidivism." To determine whether these factors are present, the trial court may examine the record, the testimony from any witnesses at the hearing and a PSI, if one is prepared. R.C.2929.19(B)(1).
 {¶ 5} If a trial court elects to or is required to impose a prison term, a defendant found guilty of a felony of the fifth degree shall be sentenced to six, seven, eight, nine, ten, eleven or twelve months in prison. When sentencing a defendant to a fifth degree felony, a trial court is to determine whether any of the following factors listed in R.C. 2929.13(B)(1) are applicable:
(a) In committing the offense, the offender caused physicalharm to a person.
 (b) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person with adeadly weapon.
 (c) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person, and theoffender previously was convicted of an offense that causedphysical harm to a person.
 (d) The offender held a public office or position oftrust * * *.
 (e) The offender committed the offense for hire or as part ofan organized criminal activity.
 (f) The offense is a sex offense * * *.
 (g) The offender at the time of the offense was serving, orthe offender previously had served, a prison term.
 (h) The offender committed the offense while under a communitycontrol sanction, while on probation, or while released fromcustody on a bond or personal recognizance.
(i) The offender committed the offense while in possession ofa firearm.
 {¶ 6} If the court finds that one of the above factors applies, and after considering the factors set out in R.C.2929.12, finds that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and that the offender is not amenable to a community control sanction, the court must impose a prison term upon the offender. R.C.2929.13(B)(2)(a). If the court does not find that one of the of the above factors applies, and after considering the factors set out in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of R.C. 2929.11, the court must impose a community control sanction. R.C.2929.13(B)(2)(b). Moreover, if a trial court does not find that an R.C. 2929.13(B) factor applies and also does not find that a community control sanction is appropriate, it may in its discretion sentence the offender to a term of imprisonment. SeeState v. Simpson, Columbiana App. No. 01-CO-29, 2002-Ohio 5374, ¶ 70.
 {¶ 7} When a sentencing court "imposes a prison term for a felony of the fourth or fifth degree * * * [it must provide] its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender." R.C. 2929.19(B)(2)(a). When a statute requires courts to provide reasons for imposing a sentence, courts must make the applicable findings and provide a factual explanation setting forth the basis for those findings.State v. Edmonson (1999), 86 Ohio St.3d 324, 326-27; State v.Mitchell, Crawford App. No. 3-01-20 at *2, 2002-Ohio-1400.
 {¶ 8} In this case, the trial court filed a judgment entry for the breaking and entering convictions and a separate judgment entry for the vandalism conviction. In the vandalism entry, the trial court noted that it found an unspecified factor listed in R.C. 2929.13(B). The trial court further noted that after considering R.C. 2929.12 and R.C. 2929.11, it found that Wise was not amenable to an available community control sanction. Therefore, in order to properly sentence Wise to prison for the vandalism conviction, the trial court was required to state which R.C. 2929.13(B) factor it found and the reasons for doing so.
 {¶ 9} In the breaking and entering judgment entry, the trial court noted that it did not find a factor listed in R.C.2929.13(B) but that after considering R.C. 2929.12 and R.C.2929.11, for "reasons stated on the record," it found that Wise was not amenable to an available community control sanction. Therefore, in order to properly sentence Wise to prison for the breaking and entering convictions, the trial court was required to demonstrate how a prison term was consistent with the overriding purposes and principles of felony sentencing under R.C. 2929.11.
 {¶ 10} At the sentencing hearing, the trial court noted that the W.O.R.T.H. Center was unwilling to accept Wise as he had mental health issues that would hinder his performance in their program. The trial court then sentenced Wise to prison and made the following statements. "[T]he Court recognizes the defendant's mental problems. The Court requests that the Ohio Department of Rehabilitation and Corrections consider placing the defendant in the appropriate institution where he would receive attention and treatment for his mental conditions." However, this was the extent of any statement provided by the trial court which relates to the reasons the trial court sentenced Wise to prison. While the trial court noted in its judgment entries that it considered the factors in R.C. 2929.11 and R.C. 2929.13(B) and made findings "for reasons stated on the record," the trial court failed to make the appropriate findings under these sections or give the reasons for those findings either on the record or in the entries.
 {¶ 11} Consequently, Wise's first assignment of error is sustained, and as we have determined that the trial court did not make the appropriate findings to sentence Wise to prison, his second assignment of error challenging a non-minimum prison sentence is rendered moot.
 {¶ 12} Based on the foregoing, the judgments of the trial court are reversed and remanded for further proceedings in accordance with this opinion.
Judgments reversed and cause remanded.
Cupp and Bryant, JJ., concur.