OPINION
{¶ 1} Defendant-Appellant, Michael Delong, appeals a judgment of the Hardin County Court of Common Pleas, convicting him of having weapons while under disability and possession of marijuana. Delong maintains that the trial court erred by imposing a prison term for his having a weapon while under disability conviction without first making a finding that at least one of the nine factors enumerated in R.C.2929.13(B)(1)(a)-(i) was present. Delong also claims that the trial court erred by sentencing him to community control and then re-sentencing him to ten months of incarceration after learning that he had tested positive for marijuana.
 {¶ 2} Having reviewed the entire record and the applicable law, we find that the trial court was not required to find that one of the R.C. 2929.13(B)(1) factors was present before sentencing Delong to a term of imprisonment for committing a fifth degree felony. Furthermore, we find that the trial court only tentatively adopted community control as a sentence while it waited for the results of Delong's urine test. Delong was only sentenced once for his convictions, and any contention on his part otherwise is without merit. Accordingly, we overrule both of Delong's assignments of error and affirm the judgment of the trial court.
 {¶ 3} In August of 2003, during the execution of a valid search warrant against Delong's home, police officers discovered marijuana, numerous marijuana cultivation tools, and various drug paraphernalia. Officers also found a loaded twelve gauge shotgun leaning against the wall of Delong's living room. Delong was charged with having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the fifth degree, illegal possession of drug paraphernalia in violation of R.C.2925.14(C)(1), a misdemeanor of the fourth degree, possession of marijuana in violation of R.C. 2925.11(C)(3)(a), a minor misdemeanor, and illegal cultivation of marijuana in violation of R.C. 2925.04, a minor misdemeanor.
 {¶ 4} Delong initially entered a plea of not guilty; however, he eventually agreed to plead guilty to the charges of having weapons while under disability and possession of marijuana. Accordingly, the State agreed to drop the possession of drug paraphernalia and illegal cultivation charges. The trial court accepted Delong's guilty plea, ordered a pre-sentence investigation report, and set the matter for a sentencing hearing.
 {¶ 5} At the sentencing hearing, Delong and the State entered a joint sentencing recommendation into the record. On the conviction for having weapons while under disability, the joint sentencing recommendation was that Delong receive three years of community control, one hundred hours of community service, a one hundred dollar fine, and the costs of the action. The joint sentencing recommendation also sought a one hundred dollar fine and a six month driver's license suspension for the possession of marijuana conviction. The trial judge took into account the joint sentencing recommendation and, after considering the fact that Delong had a lengthy criminal history and showed no signs of rehabilitation, stated that he had strong reservations concerning the fact that the joint sentencing recommendation did not provide for any incarceration. Accordingly, the trial judge tentatively agreed to the joint sentencing recommendation, but ordered Delong to immediately submit to a urine screening. The trial judge informed Delong that the joint sentencing recommendation would be imposed if the urine test came back negative. However, he forewarned Delong that if his urine tested positive for drugs the court would impose a prison term of ten months.
 {¶ 6} The court stood in recess so that Delong's urine could be screened for drugs. The sentencing hearing was then reconvened, and it was established that Delong had tested positive for marijuana. The trial court then made on the record findings that Delong was not currently amenable to community control sanctions, that the purposes and principles of Ohio felony sentencing law required it to impose a prison sentence, and that the minimum sentence would demean the seriousness of Delong's conduct. Accordingly, the trial court imposed a prison term of ten months for the having weapons while under disability conviction. On the possession of marijuana conviction, Delong received a one hundred dollar fine, and his driver's license was suspended for six months. The trial court ordered both sentences to run concurrently. Additionally, Delong was ordered to pay the costs of his prosecution. From this judgment of conviction and sentence Delong appeals, presenting the following assignments of error for our review.
 Assignment of Error I The trial court committed an error of law by imposing a prisonterm.
 Assignment of Error II It was an abuse of discretion for the trial court tore-sentence the Appellant.
 Assignment of Error I {¶ 7} In his first assignment of error, Delong claims that the trial court erred by imposing a prison term for his having weapons while under disability conviction without first making a finding that at least one of the factors enumerated in R.C.2929.13(B)(1)(a)-(i) was present.
 {¶ 8} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04,2929.11, 2929.12, 2929.13, and 2929.14, determine a particular sentence. State v. Martin (1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. The trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 9} A reviewing appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C.2953.08(G)(2); see, also, Martin, 136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v.Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 10} In the case sub judice, the trial court sentenced Delong to ten months of incarceration for his conviction of having a weapon while under disability in violation of R.C.2923.13(A)(3), which was a felony of the fifth degree at the time of his conviction.[1] The permissible terms of imprisonment for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). R.C. 2929.13(B)(1) provides that:
[I]n sentencing an offender for a felony of the fourth orfifth degree, the sentencing court shall determine whether any ofthe following apply:
 (a) In committing the offense, the offender caused physicalharm to a person.
 (b) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person with adeadly weapon.
 (c) In committing the offense, the offender attempted to causeor made an actual threat of physical harm to a person, and theoffender previously was convicted of an offense that causedphysical harm to a person.
 (d) The offender held a public office or position of trust andthe offense related to that office or position; the offender'sposition obliged the offender to prevent the offense or to bringthose committing it to justice; or the offender's professionalreputation or position facilitated the offense or was likely toinfluence the future conduct of others.
 (e) The offender committed the offense for hire or as part ofan organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifthdegree felony violation of section 2907.03, 2907.04, 2907.05,2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of theRevised Code.
 (g) The offender at the time of the offense was serving, orthe offender previously had served, a prison term.
 (h) The offender committed the offense while under a communitycontrol sanction, while on probation, or while released fromcustody on a bond or personal recognizance.
 (i) The offender committed the offense while in possession ofa firearm.
 {¶ 11} After the trial court considers the above factors, it must then consider the seriousness and recidivism factors of R.C.2929.12 and determine whether a prison sentence is consistent with the purposes and principles of R.C. 2929.11 and whether the offender is amenable to community control. In applying the R.C.2929.12 recidivism and seriousness factors, a trial court has significant discretion in determining what weight, if any, it will assign to each statutory factor and other relevant evidence.State v. Pitts, 3rd Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12 (citations omitted). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). In achieving these purposes the trial court must consider the need to incapacitate, deter, and rehabilitate the offender. Id. Additionally, any prison term imposed for a felony must be "commensurate with and not demeaning to the seriousness of the offender's conduct * * *." R.C.2929.11(B).
 {¶ 12} If the trial court finds that at least one of the R.C.2929.13(B)(1) factors is present, that a prison sentence is consistent with the purposes and principles of R.C. 2929.11, and that the offender is not amenable to community control, then the trial court must impose a prison term on the offender. R.C.2929.13(B)(2)(a). However, if the trial court does not find that any of the R.C. 2929.13(B)(1) factors are present and finds that community control is consistent with the principles of R.C.2929.11, then the trial court must impose community control sanctions on the offender. R.C. 2929.13(B)(2)(b). Both of these statutory sections are mandatory and require a trial court to impose incarceration or community control, depending on the court's findings.
 {¶ 13} Herein, the trial court did not make a finding that any of the R.C. 2929.13(B)(1) factors were present. However, it did make the finding at the sentencing hearing that community control would be inconsistent with the purposes and principles of R.C. 2929.11. The trial court based this finding on Delong's lengthy criminal history, the lack of rehabilitation on his part, and the failure of past community control sanctions to successfully reform him. The facts in the case before us, where the trial court does not find that any of the R.C. 2929.13(B)(1) factors are present but does find that community control is inconsistent with the purposes and principles of R.C. 2929.11, present a situation not specifically addressed by R.C.2929.13(B)(2).
 {¶ 14} Delong maintains that a trial court must find at least one of the R.C. 2929.13(B)(1) factors to be present before imposing a prison term for a fourth or fifth degree felony. However, numerous courts, including this one, have specifically addressed this issue and found that if a trial court does not find that a R.C. 2929.13(B)(1) factor applies and also does not find that a community control sanction is appropriate, it may, in its discretion, sentence the offender to a term of imprisonment.State v. Wise, 3rd Dist. Nos. 8-03-18, 8-03-19, 2004-Ohio-1393, at ¶ 6; see, also, State v. Brown, 146 Ohio App.3d 654,2001-Ohio-4266, at ¶ 14-16; State v. Randolph, 12th Dist. No. CA2003-10-262, 2004-Ohio-3350, at ¶ 6-7; State v. Chandler, 8th Dist. No. 81922, 2003-Ohio-3529, at ¶ 27; State v. Simpson, 7th Dist. No. 01-CO-29, 2002-Ohio-5374, at ¶ 70-71. "Because the trial court's discretion was not limited by the special circumstances contemplated in R.C. 2929.13(B)(2)(a) and (b), those sections become irrelevant." Brown at ¶ 14. The trial court must then proceed to apply its discretion and sentence the offender according to the general provisions of the felony sentencing statutes. Id.; see, also, Randolph at ¶ 7;Chandler at ¶ 27; Simpson at ¶ 70. "Thus, where a court finds that none of the nine statutory factors apply, but that, consistent with the purposes and principles of sentencing, the offender is also not amenable to community control sanctions, then a trial court may still impose a prison sentence."Chandler at ¶ 27.
 {¶ 15} This interpretation of the statute is further supported by the fact that the legislature expressly provided offenders the right to an appeal where a trial court imposes a prison sentence for a fourth or fifth degree felony conviction without finding that any of the R.C. 2929.13(B)(1) factors apply. See, R.C. 2953.08(A)(2). "Surely the legislature would not have deemed it necessary to explicitly authorize an appeal if there was no possibility of jail time — the sentence would have been contrary to law." Brown at ¶ 16.
 {¶ 16} Herein, it is clear from the record that the trial court complied with the felony sentencing statutes. Delong's sentence of ten months is well within the statutory range established by R.C. 2929.14(A)(5). The trial court considered all of the required statutory factors on the record at the sentencing hearing and found that a prison term was consistent with the purposes and principles of felony sentencing. The trial court also made on the record findings that Delong was not amenable to community control and that a prison term was commensurate with the seriousness of his offense. These findings were based on the fact that Delong had a lengthy criminal history that spanned more than sixteen years and included numerous drug related convictions. Furthermore, the trial court considered the fact that Delong had received community control for past convictions and found that these past community control sanctions had not been effective in curtailing Delong's criminal activity. The trial court was also persuaded by the fact that Delong failed a drug test administered during a recess in the sentencing hearing proceedings.
 {¶ 17} Having reviewed the entire record before us, we find that the trial court made the correct findings on the record at the sentencing hearing and that the evidence before the trial court supported these findings. Accordingly, Delong's first assignment of error is overruled.
 Assignment of Error II {¶ 18} In his second assignment of error, Delong contends that the trial court abused its discretion in re-sentencing him. Delong maintains that it was error for the trial court to impose community control sanctions on him, order him to submit to a urine screening, reconvene the sentencing hearing, and then, upon learning that Delong had tested positive for marijuana, revoke the community control sentence and impose a prison term.
 {¶ 19} Having reviewed the transcript of the sentencing hearing, it is clear that Delong mischaracterizes the nature of the proceedings. The trial judge expressed serious reservations concerning the joint sentencing recommendation from the outset. He initially agreed to accept the joint recommendation, but he informed Delong that his acceptance of the recommendation was only "temporary and tentative." (Sentencing hearing transcript p. 7.) The record also reflects that the trial court never reached a finalized decision on the sentencing prior to Delong's drug screening. Rather, the court stood in recess until the drug screen was completed. Once Delong's urine had been tested for drugs, the trial court reconvened to continue the sentencing hearing. It was then established that Delong had tested positive for marijuana, and the trial court proceeded to complete the sentencing hearing accordingly.
 {¶ 20} Delong's contention that he was sentenced twice by the trial court has no merit. It is a well established principle of law that "a pronouncement of sentence does not become the official action of the court unless and until it is entered upon the court's journal." State v. McLaughlin, 157 Ohio App.3d 1,2004-Ohio-1780, at ¶ 7, citing State ex rel. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 118; State v. Coyle (Oct. 13, 1997), 12th Dist. No. CA97-02-014. The record clearly indicates that the trial court herein never filed a journal entry sentencing Delong to community control. The only journal entry ever filed reflected the ten month prison term that the trial court imposed after learning of Delong's failed drug test. Therefore, Delong was not sentenced twice. Indeed, the trial court merely continued the sentencing hearing in order to consider additional factors relevant to the sentencing.
 {¶ 21} After reviewing the entire record before us, we find no merit in Delong's argument that the trial court sentenced him twice. Accordingly, Delong's second assignment of error is overruled.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Cupp, J., concur.
[1] A revision to R.C. 2923.13 that went into effect on April 4, 2004 made all violations of this statute a third degree felony. However, the version of R.C. 2923.13 in effect at the time Delong was convicted made his violation a fifth degree felony.