DECISION
{¶ 1} Gilbert L. Guy, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court sentenced appellant pursuant to his plea of guilty to attempted robbery, in violation of R.C. 2923.02 as it relates to R.C. 2911.02, a fourth-degree felony.
 {¶ 2} On November 26, 2003, appellant took a woman's purse from a shopping cart at a store. He was apprehended by the store's owner after a scuffle. On December 5, 2003, appellant was charged with one count of theft, a fifth-degree felony, one count of robbery, a second-degree felony, and one count of robbery, a third-degree felony. After initially pleading not guilty, appellant pled guilty to a stipulated lesser-included offense of attempted robbery, a fourth-degree felony, and the remaining counts were dismissed. After reviewing a pre-sentence report, which included the fact that appellant had never served a prison term, on March 29, 2004, the trial court sentenced appellant to 12 months of incarceration, which was more than the minimum sentence. Appellant appeals the judgment, asserting the following assignments of error:
Assignment of Error No. 1:
The trial court erred by imposing a prison term for a fourth degree felony without complying with the statutory guidelines.
Assignment of Error No. 2:
The trial court erred by imposing a prison term longer than the minimum without complying with the statutory guidelines.
 {¶ 3} Appellant argues in his first assignment of error that the trial court erred in imposing a prison term for a fourth-degree felony without complying with the statutory guidelines. R.C. 2929.13(B) governs a trial court's sentencing of an offender who commits a fourth-degree felony. The trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. R.C.2929.13(B)(2)(a). If the trial court finds that at least one of the factors is applicable, the trial court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. See R.C. 2929.13(B)(2)(a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C. 2929.12. If the trial court finds, after this review, that the offender is not amenable to community control, and a prison term is consistent with the R.C. 2929.11 purposes and principles of felony sentencing, then the court is authorized to impose a prison term. R.C. 2929.13(B)(2)(a).
 {¶ 4} In the present case, the only statement made by the trial court with regard to sentencing was the following:
* * * Well, I think it's a very serious case. And simply what it is [is] a purse snatching from a lady's shopping cart. There was a scuffle. My understanding from the facts the defendant shouldered his way through the aisle past another person. I think it shows the public needs to be protected from the defendant. And I think to impose a nonprison sentence would degrade the seriousness of this offense. * * *
 {¶ 5} The state concedes the trial court failed to make the requisite findings. We agree. The trial court did not find that any of the factors in R.C. 2929.13(B)(1)(a) through (i) were present. Further, the trial court also did not indicate, pursuant to R.C. 2929.12(B)(2)(b), that a prison term was consistent with the principles of felony sentencing and that, after weighing the seriousness and recidivism factors, appellant was not amendable to a community control sanction. Therefore, we conclude that the trial court did not adhere to the applicable statutory requirements when imposing a term of imprisonment, rather than an available community control sanction, on appellant for his fourth-degree felony conviction. Accordingly, the sentence is clearly and convincingly contrary to law and must be vacated. See R.C. 2953.08(G)(2)(b). On remand, the trial court may consider the entire range of available sentences. However, the sentence must be imposed only after compliance with the pertinent statutes. Appellant's first assignment of error is sustained.
 {¶ 6} Appellant argues in his second assignment of error that the trial court erred by imposing a prison term longer than the minimum without complying with the statutory guidelines. As we have determined that the trial court did not make the appropriate findings to sentence appellant to prison, and the matter must be remanded for resentencing, appellant's second assignment of error challenging a non-minimum prison sentence is rendered moot. SeeState v. Wise, Logan App. No. 8-03-18, 2004-Ohio-1393, at ¶ 11.
 {¶ 7} Accordingly, appellant's first assignment of error is sustained, and his second assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for resentencing.
Judgment reversed, cause remanded.
Bryant and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.