OPINION
{¶ 1} Defendant-appellant, Demond A. Burns, appeals a judgment of the Auglaize County Court of Common Pleas, convicting Burns of possession of crack cocaine and sentencing him to three years of incarceration. Burns contends that the trial court erred in imposing more than the minimum sentence. After reviewing the entire record, we find that the trial court made the proper on the record findings necessary to impose more than the minimum sentence and that these findings are supported by the record. Accordingly, Burns' sole assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 2} In February of 2004, a patrolman from the Cridersville, Ohio Police Department observed a vehicle being driven by Burns proceed straight through an intersection from a right turn only lane. Consequently, the patrolman initiated a traffic stop and discovered that Burns' driver's license was under suspension. The officer also learned that Burns had several outstanding warrants for his arrest. Accordingly, Burns was arrested, and his vehicle was searched incident to the arrest.
 {¶ 3} During the search of Burns' vehicle, the officer found a purple Crown Royal bag containing approximately nine grams of crack cocaine. As a result, Burns was charged with possession of a controlled substance in violation of R.C. 2925.11(A). Because of the nature and amount of the controlled substance, the charge was a felony of the third degree. R.C.2925.11(C)(4)(c).
 {¶ 4} Eventually, Burns pled guilty to the sole charge of possession of crack cocaine. In exchange for his guilty plea, the State agreed to recommend a sentence of two years of incarceration. The trial court accepted Burns' guilty plea, ordered a pre-sentence investigation, and scheduled a sentencing hearing. After conducting the sentencing hearing, the trial court found on the record that the shortest available prison term would demean the seriousness of Burns' conduct and that Burns was likely to commit future crimes. Based on these findings, the trial court rejected the State's recommended sentence of two years and imposed a three year term of incarceration. From this judgment of conviction and sentence Burns appeals, presenting one assignment of error for our review.
 Assignment of Error The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in Ohio Revised Code, Section2929.14 resulting in the Defendant-Appellant receiving a sentence whichis contrary to law.
 {¶ 5} In his sole assignment of error, Burns maintains that the trial court erred by imposing more than the minimum sentence. He claims that the record does not support the trial court's findings.
 {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 7} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 8} R.C. 2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
[T]he court shall impose the shortest prison term authorized for theoffense pursuant to division (A) of this section, unless one or more ofthe following applies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 9} In determining whether the shortest prison term would demean the seriousness of the offender's conduct or would adequately protect the public from future crime, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; Statev. Delong, 3rd Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing Statev. Pitts, 3rd Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 10} Herein, the trial court found on the record at the sentencing hearing that the shortest prison term would demean the seriousness of Burns' conduct and not adequately protect the public from future crime. In making this finding, the trial court relied on the fact that Burns had possessed the crack cocaine with the intent to sell it. This finding was based on Burns' own admission to the trial court. The trial court also relied on Burns' statement that he had been selling drugs for a living ever since he had been released from jail in August of 2003 for a driving under suspension conviction. Furthermore, the presentence investigation reveals that Burns had a lengthy criminal record that included a prior drug possession charge.
 {¶ 11} After reviewing the entire record, we find that the trial court considered all of the required statutory factors, made the required on the record findings, and that the record supports the trial courts findings. Therefore, the trial court's judgment sentencing Burns to more than the minimum prison term is affirmed.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.