OPINION
{¶ 1} Defendant-Appellant, Benjamin Seigler, appeals from a judgment of the Putnam County Court of Common Pleas, sentencing him upon his convictions for two counts of uttering. On appeal, Seigler claims that the trial court erred by sentencing him to maximum consecutive sentences. Upon review of the entire record, we find that the trial court considered all of the required statutory factors and made all of the findings necessary to impose maximum consecutive sentences. Accordingly, the judgment of the trial court is affirmed.
 {¶ 2} In December of 2003, Seigler presented fraudulent checks at J J Carryout and Kalida Shell Party Mart, both in Kalida, Ohio, Putnam County. Seigler received two hundred dollars from each business. Subsequently, Seigler was indicted for two counts of uttering in violation of R.C. 2913.31(A)(3), felonies of the fifth degree. In August of 2004, Seigler changed his pleas from not guilty to guilty on both counts.
 {¶ 3} In September of 2004, a sentencing hearing was held, and the trial court sentenced Seigler to a twelve month prison term for each count to be served consecutively. It is from this sentence Seigler appeals, presenting the following assignment of error for our review.
 THE SENTENCE IMPOSED IS CONTRARY TO LAW. {¶ 4} In his sole assignment of error, Seigler asserts that his sentence is contrary to law, because the trial court failed to state its reasons for imposing maximum, consecutive sentences. He also claims that such sentences are unconstitutional under the United States Supreme Court's ruling in Blakely v. Washington (2004), 124 S.Ct. 2531,159 L. Ed.2d 403.
 {¶ 5} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C.2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at para. one and two of the syllabus.
 {¶ 6} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 7} According to R.C. 2929.14(C), a trial court may only impose the maximum prison term upon an offender who either committed the worst form of the offense or who poses the greatest likelihood of reoffending. In order to impose consecutive sentences, the trial court must follow R.C.2929.14(E)(4), which provides:
If multiple prison terms are imposed on an offender for convictions ofmultiple offenses, the court may require the offender to serve the prisonterms consecutively if the court finds that the consecutive service isnecessary to protect the public from future crime or to punish theoffender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger the offenderposes to the public, and if the court also finds any of the following:
 (a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 8} In determining whether either maximum or consecutive sentences should be imposed, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12. The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v.Delong, 3rd Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v.Pitts, 3rd Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 9} Herein, the trial court clearly made the required statutory findings necessary to impose the maximum sentences. The trial court also made the required statutory findings necessary to impose the sentences consecutively. In making these findings, the trial court discussed Seigler's extensive criminal history and prior adjudications, stating that Seigler had approximately forty to fifty prior convictions. Additionally, the trial court noted that "for twenty-five years [Seigler has] been, basically, using drugs, committing criminal offenses, and that conduct just continues to today."
 {¶ 10} After reviewing the entire record, we find that the trial court considered all of the required statutory factors, made all of the required findings necessary to impose maximum and consecutive sentences at the sentencing hearing and stated its reasoning for making such findings at the sentencing hearing. We also find that the record supports the trial court's findings. Accordingly, Seigler's first argument that the trial court erred by imposing maximum, consecutive sentences is without merit.
 {¶ 11} Additionally, Seigler claims that maximum consecutive sentences are unlawful under the United States Supreme Court's holding in Blakelyv. Washington, 124 S.Ct. 2531. We have previously held that the holding inBlakely does not apply to Ohio's sentencing scheme. State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-552, at ¶ 16-38. Therefore, Seigler's claim is without merit.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.