OPINION
{¶ 1} Defendant-Appellant, Jack L. Board, appeals a judgment of the Auglaize County Court of Common Pleas, sentencing him to twelve months in prison upon his plea of guilty to criminal non-support of dependants. On appeal, Board asserts that his sentence is contrary to law. Finding that the trial court made all required statutory findings and that those findings are supported by the record, we affirm the judgment of the trial court.
 {¶ 2} On April 14, 1997, Lou Ann Miller gave birth to a daughter, Jysmine. In October of 1998, Board was adjudicated Jysmine's father and he was ordered to pay child support of eighty-two dollars per week, effective January 14, 1998.
 {¶ 3} Board did not pay child support as ordered. In October of 2002, he was found in contempt of court in Auglaize County for his failure to pay support. Board was ordered to serve thirty days in jail; however, his sentence was suspended on the condition that he pay future child support installments. Additionally, Board was given a date to report to jail should he fail to make his support payments. In December of 2002, a warrant was issued for Board's failure to report to jail, because he had failed to make his support payments. In February of 2003, Board was picked up on the bench warrant and served the suspended thirty-day sentence.
 {¶ 4} In May of 2004, Board was indicted on one count of criminal non-support of dependants in violation of R.C. 2912.21(B), a felony of the fifth degree. At that time, Board was approximately twenty-four thousand dollars in arrears on his support payments for Jysmine. Subsequently, Board entered a plea of guilty to the sole count of the indictment.
 {¶ 5} In November of 2004, a sentencing hearing was held. Relying on the pre-sentence investigation report, the victim impact statements and defendant's exhibits, the trial court found that Board had committed the worst form of the offense and that he was likely to re-offend. Accordingly, the trial court sentenced Board to the maximum sentence of twelve months. It is from this sentence Board appeals, presenting the following assignment of error for our review.
The trial court commited prejudicial error when it failed to properlyfollow the sentencing criteria set forth in ohio revised code, section2929.14 resulting in the defendant-appellant receiving a sentence whichis contrary to law.
 {¶ 6} In the sole assignment of error, Board contends that the trial court's sentence is contrary to law. Specifically, he asserts that the trial court failed to review the factors set forth in R.C. 2929.14(B), (C), (D) and (E).
 Standard of Review {¶ 7} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 8} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 9} According to R.C. 2929.14(C), a trial court may only impose the maximum prison term upon an offender who either committed the worst form of the offense or who poses the greatest likelihood of recidivating. In determining whether a maximum sentence should be imposed, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong, 3d Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v. Pitts, 3d Dist. Nos. 16-02-01 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 10} In the case sub judice, the trial court clearly made the required statutory findings necessary to impose the maximum sentences. In making these findings, the trial court stated the following:
 * * * that the mental injuries of the victim are exacerbated by theage of the victims * * *. The victim had suffered serious economic harm,as demonstrated by the twenty-four thousand six hundred dollararrearage. The Defendant's relationship with the victim or lack thereofhas facilitated the offense. The victim did not induce nor facilitate theoffense, the victim hardly asked to be born. The Defendant did not actunder strong provocation and no substantial grounds to mitigate theconduct of the Defendant. The Defendant's conduct is more serious thanconduct normally constituting the offense. Factors considering whetherthe Defendant is likely to reoffend show his entire lifestyle show thathe's likely to reoffend. He's a deadbeat dad who has not paid support forthis child, for other children, has basically not had responsibilityabout his life concerning children at all. He has previously beenconvicted for other matters and has previously demonstrated a pattern ofcontempt of Court and previously demonstrated a pattern of violation ofpervious Court orders by driving while under suspension, so has not,despite his claims, been rehabilitated to a satisfactory degree afterhaving been previously sanctioned on other violations. * * *
 His claims of remorse are only that he's sorry that he's in front of meand gonna (sic.) be sentenced by me. Brief periods of temporaryemployment only when people are breathing down his back showing a patternof otherwise irresponsibility, lack of support, lack of any kind ofacceptance of responsibility he has for these children and specificallyfor this child involved in this case demonstrate to this Court that theDefendant has committed one of the worst forms of this offense.
 {¶ 11} Based upon the above colloquy by the trial court, it is clear that the trial court considered all of the required statutory factors, made all of the required findings necessary to impose the maximum sentence at the sentencing hearing and stated its reasoning for making such findings at the sentencing hearing. Additionally, upon review of the entire record, we find that the record supports the trial court's findings. Accordingly, Board's sole argument that the trial court erred by imposing maximum sentence is without merit.
 {¶ 12} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 CUPP, P.J., and SHAW, J., concur.