OPINION
{¶ 1} Defendant-Appellant, Shawn D. Meihls, appeals a judgment of the Auglaize County Court of Common Pleas, sentencing him to twelve months in prison upon his plea of guilty to criminal non-support of dependants. On appeal, Meihls asserts that his sentence is contrary to law. Finding that the trial court made all required statutory findings and that those findings are supported by the record, we affirm the judgment of the trial court.
 {¶ 2} On July 25, 1999, Amy Rumer gave birth to a son, Logan. In November of 1999, Meihls was adjudicated Logans's father and he was ordered to pay child support of fifty dollars per week, effective November 1, 1999. Because Meihls was jailed at the time the support order was made, he was ordered to seek work and to begin paying at a rate of eighty-five dollars per week upon his release from jail.
 {¶ 3} Meihls did not pay support as ordered upon his release from jail. As a result, the Auglaize County Child Support Enforcement Agency initiated a civil action to attempt to collect the child support that Meihls owed. In February of 2001, a bench warrant was issued for Meihls, because he did not appear for a contempt of court hearing. In March of 2001, he was found guilty of indirect contempt of court and ordered to serve thirty days in the jail.
 {¶ 4} In March of 2003, Meihls was found guilty of contempt of court for failure to pay child support and ordered to serve sixty days in jail. In May of 2004, Meihls was indicted on one count of criminal non-support of dependants in violation of R.C. 2912.21(B), a felony of the fifth degree. At that time, Meihls was almost twenty thousand dollars in arrears on his support payments for Logan. Sbsequently, Meihls entered a plea of guilty to the sole count of the indictment.
 {¶ 5} In November of 2004, a sentencing hearing was held. Relying on the pre-sentence investigation report, the victim impact statements and defendant's exhibits, the trial court found that Meihls had committed the worst form of the offense and that he was likely to re-offend. Accordingly, the trial court sentenced Meihls to the maximum sentence of twelve months. It is from this sentence Meihls appeals, presenting the following assignment of error for our review.
The trial court commited prejudicial error when it failed to properlyfollow the sentencing criteria set forth in ohio revised code, section2929.14 resulting in the defendant-appellant receiving a sentence whichis contrary to law.
 {¶ 6} In the sole assignment of error, Meihls contends that the trial court's sentence is contrary to law. Specifically, he asserts that the trial court failed to review the factors set forth in R.C. 2929.14(B), (C), (D) and (E).
 Standard of Review {¶ 7} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin
(1999), 136 Ohio App.3d 355, 362. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one and two of the syllabus.
 {¶ 8} An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin,136 Ohio App.3d at 361. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford
(1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id. An appellate court should not, however, simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones (2001), 93 Ohio St.3d 391, 400.
 {¶ 9} According to R.C. 2929.14(C), a trial court may only impose the maximum prison term upon an offender who either committed the worst form of the offense or who poses the greatest likelihood of recidivating. In determining whether a maximum sentence should be imposed, the trial court must consider the seriousness and recidivism factors in R.C. 2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong, 3d Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v. Pitts, 3d Dist. Nos. 16-02-01 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 10} In the case sub judice, the trial court clearly made the required statutory findings necessary to impose the maximum sentences. In making these findings, the trial court discussed Meihls extensive juvenile and adult criminal history. Additionally, the trial court found that the mental injuries suffered by the victim were exacerbated by the age of the victim, that the victim suffered serious psychological and economic harm, that the defendant's relationship with the victim facilitated the offense, that the victim did not induce or facilitate the offense and that the defendant did not act under strong provocation. Furthermore, the trial court went on to state the following:
The Defendant would know or expect to cause harm to the victim byfailing to pay the support involved and there are no substantial groundsto mitigate the conduct of the offender and that his conduct is moreserious than conduct normally constituting the offense since in additionto the two years involved, he also has a track record of non-supportwhich includes arrearage prior to the date of, — the closing date of theindictment of nineteen thousand nine hundred eighty-nine dollars andforty-seven cents ($19,989.47). That the Defendant committed the offenseunder circumstances where during the same periods of time he was out onbond for various offense. He was on probation for various offenses. Heobviously had money to drink to use the money for alcohol as shown in hisvarious offenses. He also had money to manipulate, figuring out how hecould drive somebody's vehicle that he could put in somebody's name tosomehow sort out how he could continue to live his criminal lifestyle.
 He has previously been convicted of the offenses as set forth in thePreSentecing (sic.) Investigation; has previously been sanctioned for notonly his non-support but also other criminal conduct.
 {¶ 11} Accordingly, the trial court found that Meihls committed one of the worst forms of the offense and that his history demonstrates that he is likely to re-offend.
 {¶ 12} Based upon the above colloquy by the trial court, it is clear that the trial court considered all of the required statutory factors, made all of the required findings necessary to impose the maximum sentence at the sentencing hearing and stated it reasoning for making such findings at the sentencing hearing. Additionally, upon review of the entire record, we find that the record supports the trial court's findings. Accordingly, Meihls' sole argument that the trial court erred by imposing maximum sentence is without merit.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Cupp, P.J., and Shaw, J., concur.