OPINION
{¶ 1} Defendant-Appellant, Tarika K. Wilson, appeals from a judgment of the Putnam County Court of Common pleas, convicting her of complicity to trafficking in drugs and sentencing her to two years of incarceration. Wilson maintains that her sentence is not supported by the record. Because the State has failed to file an Appellee's brief, we elect to review the case pursuant to App.R. 18(C). Finding that the facts and arguments presented in Wilson's brief reasonably support a reversal, we vacate her sentence and remand the cause for further sentencing proceedings.
 {¶ 2} On August 12, 2004, Wilson was driving a vehicle with John Hall, Jr. as her only passenger. Wilson drove Hall to a park where Hall sold 237.41 grams of crack cocaine to a confidential informant. Hall then got back into the vehicle, and Wilson drove off. However, unbeknownst to Hall and Wilson, the entire buy was being monitored by the police. Hall and Wilson were arrested as they attempted to leave the park.
 {¶ 3} As a result, Wilson was charged with one count of complicity to trafficking in drugs in violation of R.C. 2925.03(A). Because of the amount of drugs involved, the violation was a felony of the first degree. R.C. 2925.03(C)(4)(g). Subsequently, the State amended the charge against Wilson to reflect only an amount of drugs of between one and five grams. This dropped the charge to third degree felony. R.C.2925.03(C)(4)(c). Wilson then entered a plea of guilty to the reduced charge.
 {¶ 4} At the sentencing hearing, the trial court considered the actual amount of cocaine involved in the sale and found that the shortest prison term would demean the seriousness of the offense and sentenced Wilson to two years of incarceration. Wilson appeals from this sentence, presenting the following assignment of error for our review.
Assignment of Error The trial court committed an error of law by imposinga prison sentence or in the alternative a nonminimum sentence.
 {¶ 5} In her sole assignment of error, Wilson challenges the trial court's imposition of more than the minimum sentence. Specifically, she contends that the record does not support the finding that the minimum term would demean the seriousness of the offense.
 {¶ 6} The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin,136 Ohio App.3d 355, 362, 1999-Ohio-814. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C. 2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paragraph one and two of the syllabus. An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also, Martin, 136 Ohio App.3d at 361.
 {¶ 7} R.C. 2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
[T]he court shall impose the shortest prison term authorized for theoffense pursuant to division (A) of this section, unless one or more ofthe following applies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
In determining whether the shortest prison term will demean the seriousness of the offender's conduct or will adequately protect the public from future crime, the trial court must consider the non-exclusive list of seriousness and recidivism factors in R.C. 2929.12. R.C.2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.; State v. Delong, 3d Dist. No. 6-04-08,2004-Ohio-6046, at ¶ 11, citing State v. Pitts, 3d Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
The trial court made the finding that the minimum sentence would demean the seriousness of the offense offender's conduct. Furthermore, the trial court also stated its reasons for imposing such a sentence on the record at the sentencing hearing. However, Wilson maintains that such a finding is not supported by the evidence in the record.
 {¶ 8} App.R. 18(C) states that "[i]f an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." In the case before us, the State has failed to submit an Appellee's brief. Accordingly, we elect to accept Wilson's statement of facts and issues as correct pursuant to App.R. 18(C).
 {¶ 9} Based on the facts and issues presented by Wilson in her appellant's brief, we hold that the record does not support the trial court's finding that the minimum sentence would demean the seriousness of the offense. Therefore, the trial court erred in imposing more than the minimum sentence, and Wilson's assignment of error is sustained. Having sustained her assignment of error, we vacate the sentence the trial court imposed and remand the cause for resentencing.
Judgment reversed and cause remanded.
 BRYANT and SHAW, JJ., concur.